BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:  ian.yanniello@usdoj.gov
             greg.staples@usdoj.gov
             daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DURK BANKS, et al.,<br><br>        Defendants. | No. CR 24-621(B)-MWF<br><br><u>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**TRIAL DATE:**<br>   01/20/2026, 8:30 a.m.<br><br>**PRETRIAL CONFERENCE DATE:**<br>   01/07/2026, 10:00 a.m. |
|---|---|

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from October 14, 2025, to **January 20, 2026, at 8:30 a.m.** The Court sets the following pretrial schedule:

    a. Expert disclosure deadline:
        i. Government disclosure[1]: September 1, 2025
        ii. Defense disclosure: November 3, 2025
    b. Pretrial motions other than motions *in limine* or motions regarding experts:
        i. Motions due: October 6, 2025
        ii. Oppositions due: October 27, 2025
        iii. Optional replies due: November 10, 2025

---

[1] The government may promptly supplement its disclosure and/or notice one or more rebuttal experts based on disclosures made by the defense on November 1, 2025.

2

     iv. Pretrial Motions Hearing: **November 18, 2025, 10:00 a.m.**

  c. Government's disclosures pursuant to Fed. R. Evid. 404(b): November 17, 2025

  d. Motions *in limine*, including motions regarding experts:

     i. Motions due: December 8, 2025

     ii. Oppositions due: December 22, 2025

     iii. **Pretrial Conference/MIL Hearing: January 7, 2026, 10:00 a.m.**

 2. The time period from the date the stipulation to continue was filed to January 20, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(6).

 3. The court further finds that defendant DURK BANKS ("defendant BANKS") is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.  Pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation to continue was filed to January 20, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

 4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

3

additional time periods from the period within which trial must commence.

　　　IT IS SO ORDERED.

September 17, 2025
DATE

MICHAEL W. FITZGERALD
United States District Judge

Presented by:

　　/s/
DANIEL H. WEINER
Assistant United States Attorney

4