# EXHIBIT D

```
10:17:10                    UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

              HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE




       UNITED STATES OF AMERICA,    )
                                    )
                 Plaintiff,         )
                                    )
                 vs.                )
                                    )   2:24-CR-621-MWF
       DEONDRE DONTRELL WILSON,     )
       DAVID BRIAN LINDSEY,         )
       ASA HOUSTON,                 )
       DURK BANKS,                  )
                                    )
                 Defendants.        )
       _____)




                       REPORTER'S TRANSCRIPT OF HEARING

                           Los Angeles, California

                         Tuesday, November 18, 2025




                       _____

                         AMY DIAZ, RPR, CRR, FCRR
                         Federal Official Reporter
                        350 West 1st Street, #4455
                           Los Angeles, CA 90012
```

*Please order court transcripts here:  www.amydiazfedreporter.com*

| | | |
|---|---|---|
| 1 | 10:17:12 | THE CLERK:  Calling item number one, case number |
| 2 | 10:17:16 | CR-24-621-MWF, United States of America vs. Deondre Dontrell |
| 3 | 10:17:23 | Wilson, David Brian Lindsey, Asa Houston, and Durk Banks. |
| 4 | 10:17:29 | Counsel, please state your appearance for the |
| 5 | 10:17:30 | record. |
| 6 | 10:17:32 | MR. YANNIELLO:  Good morning, Your Honor.  Ian |
| 7 | 10:17:33 | Yanniello, Danny Weiner and Greg Staples on behalf of the |
| 8 | 10:17:39 | United States, and with us at counsel table is FBI Special |
| 9 | 10:17:40 | Agent Jaron Farmdy. |
| 10 | 10:17:43 | MR. FINDLING:  Good morning, Your Honor.  Drew |
| 11 | 10:17:44 | Findling, Marissa Goldberg, Jonathan Brayman, Christy |
| 12 | 10:17:47 | O'Connor on behalf of Mr. Banks, who is present in court |
| 13 | 10:17:49 | today. |
| 14 | 10:17:49 | THE COURT:  All right.  Good morning, Counsel, good |
| 15 | 10:17:51 | morning, Mr. Banks. |
| 16 | 10:17:53 | MR. HARBAUGH:  Good morning, Your Honor.  Craig |
| 17 | 10:17:54 | Harbaugh on behalf of Mr. Wilson, who is present. |
| 18 | 10:17:56 | THE COURT:  Mr. Harbaugh, Mr. Wilson. |
| 19 | 10:18:03 | MS. MOEEL:  Good morning, Your Honor.  Shaffy Moeel |
| 20 | 10:18:04 | on behalf of Mr. Houston, who is present in custody. |
| 21 | 10:18:05 | THE COURT:  All right, Counsel, Mr. Houston. |
| 22 | 10:18:05 | MR. MILLS:  Good morning, Your Honor.  Tillet Mills |
| 23 | 10:18:08 | and Robert Jones on behalf of Mr. Lindsey. |
| 24 | 10:18:09 | THE COURT:  Good morning, Mr. Lindsey, good morning, |
| 25 | 10:18:11 | Counsel. |

 1  10:18:11              We are here for a hearing on the pretrial motions
 2  10:18:18   which were filed.  After they were filed, a further flurry
 3  10:18:23   arose from the filing the motion for recusal, or
 4  10:18:29   disqualification and dismissal, and then the ex parte
 5  10:18:34   applications related to that.
 6  10:18:37              Having received the first motion and the request
 7  10:18:41   that certain exhibits be filed under seal, which I granted, I
 8  10:18:48   thought it would be useful to discuss a scheduling -- a
 9  10:18:55   schedule for that motion.  And because certain things were
10  10:19:02   being filed under seal, perhaps that discussion should be
11  10:19:06   under seal, as well.
12  10:19:07              Since then, the Government filed its initial
13  10:19:12   opposition.  And I think it's correct that there are two
14  10:19:14   issues raised by that motion:  The first, the recusal and its
15  10:19:19   related request to stay, and then the actual relief.
16  10:19:24              The Government did file its opposition to recusal
17  10:19:28   and a stay; and therefore, we can discuss that this morning.
18  10:19:38              And after that, I think we can then turn to the
19  10:19:42   other motions.
20  10:19:44              So the -- I think the Government frankly laid out
21  10:19:47   why -- I just don't understand the request for the recusal,
22  10:19:52   either of me or any other judge on this court.  I just -- I
23  10:19:58   just don't understand what the basis for that would be.  It
24  10:20:02   could be that if someone were ever brought to justice for the
25  10:20:09   threats that were made to the magistrate judge, assuming a

| | |
|---|---|
| 1 10:20:13 | crime occurred, and assuming there was a prosecution, then |
| 2 10:20:16 | perhaps it would be appropriate for not just -- for all |
| 3 10:20:20 | judges on this court, not just myself, to recuse themselves |
| 4 10:20:24 | in that. |
| 5 10:20:25 | But here, regardless of what threats would be made |
| 6 10:20:28 | to me or to anybody else, there would be no basis for a |
| 7 10:20:31 | recusal, especially here where it's understood that those |
| 8 10:20:38 | threats, and one presumes any future threats, would not be at |
| 9 10:20:42 | the instigation of these defendants. |
| 10 10:20:43 | So again, I know the request has been made, so I |
| 11 10:20:48 | want to hear your argument, but I just don't understand what |
| 12 10:20:50 | the basis is for any recusals of any Central District judges. |
| 13 10:20:57 | So, Counsel, do you want to be heard on that? |
| 14 10:21:03 | MR. FINDLING: Your Honor, I'll start, and then -- |
| 15 10:21:07 | Drew Findling on behalf of Mr. Banks -- and then I'll kick it |
| 16 10:21:11 | off to cocounsel on this issue. |
| 17 10:21:13 | First, let me start by telling Your Honor that the |
| 18 10:21:19 | Government's response does adhere to the briefing schedule. |
| 19 10:21:23 | So we believe that this needs to be addressed in a -- we |
| 20 10:21:26 | appreciate the opportunity to initially address it today. |
| 21 10:21:29 | THE COURT: No. Well, I think there is two issues. |
| 22 10:21:31 | The merits that -- of what you are requesting, that there |
| 23 10:21:35 | should be either disqualification of the prosecutors or |
| 24 10:21:37 | dismissal, that I think does -- that we'll take up at a |
| 25 10:21:42 | future date after the briefing is complete. There will be an |

| | |
|---|---|
| 1 10:21:46 | opposition, you will file a reply, we'll find a time to hear |
| 2 10:21:52 | it.  What I'm addressing now is just the request for a |
| 3 10:21:55 | recusal and a stay. |
| 4 10:21:57 |      MR. FINDLING:  Sure. |
| 5 10:21:57 |      So, Your Honor, let me first talk about the glaring |
| 6 10:22:02 | omission in the Government's response that you make notice of |
| 7 10:22:06 | is, first of all, there is a little bit of inconsistency, |
| 8 10:22:12 | because on the one hand, my colleagues will be arguing at |
| 9 10:22:16 | some point about the anonymous jury in which the Government |
| 10 10:22:21 | relies on these calls as a reason for that.  So they place |
| 11 10:22:25 | great weight on it there, but as you recall from the filing |
| 12 10:22:29 | that they just did on this issue, they merely call it a few |
| 13 10:22:34 | calls. |
| 14 10:22:34 |      The calls that they reference, the big issue that we |
| 15 10:22:39 | are most concerned about, is entirely left out of the |
| 16 10:22:43 | Government's filing. |
| 17 10:22:44 |      If you will recall, respectfully, Your Honor, if you |
| 18 10:22:49 | will recall, one of the exhibits in our motion that we filed |
| 19 10:22:53 | on this issue was a letter we received from the Government |
| 20 10:22:57 | when we sent them a letter about our concerns about the |
| 21 10:23:02 | revelation that there had been threats to Judge Donahue going |
| 22 10:23:08 | back to February, to Mr. Yanniello in April, but the central |
| 23 10:23:13 | issue was that we were never told. |
| 24 10:23:18 |      In fact, we don't even know to this day, it may be |
| 25 10:23:21 | that Judge Donahue, respectfully, thought we were told and |

|    |          |                                                                |
|----|----------|----------------------------------------------------------------|
| 1  | 10:23:27 | decided to waive the issue and not bring it up.  As our        |
| 2  | 10:23:30 | attachments show, there was communications with Your Honor's   |
| 3  | 10:23:33 | chambers, whether it's Your Honor, or other people in your     |
| 4  | 10:23:36 | chambers, may have thought the Government did what I will      |
| 5  | 10:23:39 | call, as an officer of the court, the right thing, and let us  |
| 6  | 10:23:42 | know.  You may have thought that, or your chambers may have    |
| 7  | 10:23:45 | thought that, Judge Donahue may have thought that.  I would    |
| 8  | 10:23:49 | fathom they did think the Government notified us as counsel    |
| 9  | 10:23:54 | in this case, and we waived the issue.                         |
| 10 | 10:23:55 |          The central issue that is omitted from the            |
| 11 | 10:23:58 | attachment we gave you, which is the Government's letter to    |
| 12 | 10:24:01 | us, is they literally never reference May of 2025.  They       |
| 13 | 10:24:07 | never reference in that letter that we did a detention         |
| 14 | 10:24:11 | hearing for Mr. Banks in which, amongst other things -- and    |
| 15 | 10:24:18 | it was a hearing that was substantive.  It was a change of     |
| 16 | 10:24:22 | circumstances hearing.                                         |
| 17 | 10:24:22 |          In fact, if you look at Judge Donahue's order in it,  |
| 18 | 10:24:26 | it is a substantive review of everything that took place in    |
| 19 | 10:24:29 | that hearing.  So it wasn't a quick 15-minute hearing.         |
| 20 | 10:24:33 |          And what we did not know at the time when we were    |
| 21 | 10:24:36 | saying that Mr. Banks should be released on bail, that he was  |
| 22 | 10:24:43 | not a danger to the community, that he was not a threat to    |
| 23 | 10:24:47 | anybody in the case, witnesses or anything like that, we did   |
| 24 | 10:24:50 | not know, the Government did not let us know as counsel for    |
| 25 | 10:24:56 | Mr. Banks, as honorable members of the bar, that had been      |

1  10:25:01  subjected to protective orders, and for attorney eyes only
2  10:25:05  orders, so we have shown, don't conflate us with allegations
3  10:25:08  you are making against people on this table.  We are members
4  10:25:11  of the bar.  You did not bother to let us know that we were
5  10:25:14  going in front of Judge Donahue, who had herself been
6  10:25:18  threatened by a third-party.
7  10:25:20        So to think that we got a fair and impartial hearing
8  10:25:24  at that time is faux.  It is make-believe.  And it is -- it
9  10:25:29  is really, Your Honor, as somebody that has been doing this a
10 10:25:32  long time -- and let me say, actually, loves being a lawyer,
11 10:25:35  and you will never hear me saying anything adverse in the
12 10:25:38  public about the people that represent the United States of
13 10:25:42  America and their job -- but to think so little of us, that
14 10:25:46  you would not let us know that we had a truly a ridiculous
15 10:25:51  hearing.
16 10:25:52        And then for that, to go from there, and to be
17 10:25:56  reviewed by Your Honor.  Your Honor had the position in June
18 10:26:01  when we -- to review not only what we said, but in looking at
19 10:26:06  your order, your order fastidiously studied the order that
20 10:26:11  was issued by Judge Donahue.
21 10:26:14        And so everything at that point was tainted.  And
22 10:26:18  what we didn't know, as our exhibits show, is the extent of
23 10:26:24  this investigation that was done by the lead FBI agent, that
24 10:26:30  a decision was made that the lead FBI agent in the case
25 10:26:34  against Mr. Banks and these codefendants, was the lead

```
 1 10:26:38   investigator in these threats.
 2 10:26:42            And all that communication is in our exhibits, was
 3 10:26:46   shared with Your Honor's chambers.  And the threat to destroy
 4 10:26:52   the building, or whatever, we just assume everybody -- I
 5 10:26:56   mean, assume -- and I'll let -- cocounsel is going to address
 6 10:26:59   this issue, because it was a collaborative effort, the
 7 10:27:02   writing, as you would imagine -- but our thought process
 8 10:27:07   collectively was that this threat was taken very seriously,
 9 10:27:11   because the documents that we have submitted to Your Honor
10 10:27:14   show that the U.S. Marshals Service, shows the FBI, and the
11 10:27:19   Department of Justice didn't look at it, like the most recent
12 10:27:23   filing, a few phone calls; they looked at it as a serious
13 10:27:27   threat.  And we would imagine that that was disseminated.
14 10:27:33   People should know in this courthouse that somebody is making
15 10:27:36   this, what was deemed a viable threat.
16 10:27:39            And so that is the cause of what we consider at this
17 10:27:44   point to have been tainted proceedings.  These have been a
18 10:27:48   direct threat to the constitutional rights of Mr. Banks, his
19 10:27:52   due process rights.
20 10:27:54            I say it again, Your Honor, I'm in total disbelief.
21 10:28:02   Forty years, forty years, and there is not one part of me
22 10:28:05   that can imagine a rationale for letting us walk honestly in
23 10:28:10   front of Judge Donahue and make fools of ourselves.
24 10:28:16            As I said to my cocounsel, talking -- a lot of us
25 10:28:18   have children, when we raise kids, particularly teenagers,
```

```
 1 10:28:21   you say there is a point and a counterpoint when you have a
 2 10:28:24   debate.  But sometimes I said to my kids, there is no
 3 10:28:28   counterpoint.  When I say to be in by 11, don't come back and
 4 10:28:31   say you can get in by 11:05.
 5 10:28:34             To me, respectfully, there is no counterpoint in
 6 10:28:36   this.  There is no rationale, there is no rationale that you
 7 10:28:39   let defense counsel, that is trying to protect the
 8 10:28:44   constitutional rights of our client, to try to make sure he
 9 10:28:47   has a fair and impartial determination as to whether in this
10 10:28:50   critical stage in the proceedings, he should be released, so
11 10:28:53   that he can be free and operate from the outside under the
12 10:28:57   stringent conditions, and that he's not going to be a threat
13 10:29:00   to the community, there is no rationale for not saying, we
14 10:29:04   know that you all have really honored the protective order.
15 10:29:08   We know you all have really protected the attorney's eyes
16 10:29:12   only.  You have shown us, okay, we want you to know -- and
17 10:29:17   maybe they said it a -- we can't let anybody else know, but
18 10:29:21   you should know before you argue, there is no rationale that
19 10:29:24   the Government can come up here and say, as my colleague
20 10:29:28   Mr. Brayman said, who has been a bird dog on case law around
21 10:29:31   the country, he says over and over again, "Find me a case
22 10:29:36   where a judge has told the Government, whether it be a state
23 10:29:41   sovereign or the United States of America, it's okay to keep
24 10:29:44   secrets and make fools of your opposing counsel," because
25 10:29:47   such a case does not exist.
```

```
 1 10:29:49              Because the one thing that we have, and more
 2 10:29:51   importantly, Mr. Banks has, is the Constitution.  And so we
 3 10:29:57   operate under the thought process with this threat to the
 4 10:30:01   courthouse, that this was taken -- and that is why we have
 5 10:30:04   overloaded you with exhibits, and we want -- we deeply want
 6 10:30:07   an evidentiary hearing, because we have talked about it, we
 7 10:30:11   are like, the Court may have just thought that we knew.  The
 8 10:30:16   Court may have thought we knew, and just went ahead and
 9 10:30:21   thought we waived the issue.  We have no doubt that is a
10 10:30:24   major possibility, thought, yeah, the Government would never
11 10:30:29   keep a secret like that, never.  That would never happen.
12 10:30:32   But we didn't know.
13 10:30:33              So that is my thought process.  I know I want to
14 10:30:37   give time to my colleagues who want to address the same issue
15 10:30:41   with the Court's permission.
16 10:30:42              I think I'll pass to Mr. Harbaugh at this time.
17 10:30:47              MR. HARBAUGH:  Your Honor, just very briefly, and I
18 10:30:54   just want to address the objections that were filed.
19 10:30:58              So we appreciate the Court honoring our request to
20 10:31:03   have this public, because we think it is --
21 10:31:05              THE COURT:  I just want to repeat, Mr. Harbaugh,
22 10:31:08   when I suggested that it might be closed, it was solely in
23 10:31:11   regard to scheduling, and if the defense, which had requested
24 10:31:14   that certain exhibits be filed under seal, wish to have a
25 10:31:18   full discussion of those.  It's -- once the Government filed
```

| | | |
|---|---|---|
| 1 | 10:31:21 | its opposition, it was never my intention to have anything |
| 2 | 10:31:25 | other than a public hearing. |
| 3 | 10:31:27 |     MR. HARBAUGH:  Thank you, Your Honor.  My -- our |
| 4 | 10:31:30 | apologies.  It was -- we were just going off the Court's |
| 5 | 10:31:33 | scheduling order.  So I appreciate that. |
| 6 | 10:31:35 |     THE COURT:  Which was filed about 10 minutes after I |
| 7 | 10:31:37 | read your motion.  So it's -- obviously, there is a lot of |
| 8 | 10:31:40 | water under the bridge since then. |
| 9 | 10:31:42 |     So go ahead. |
| 10 | 10:31:43 |     MR. HARBAUGH:  Understood, Your Honor. |
| 11 | 10:31:44 |     So my focus here is really on the -- our request for |
| 12 | 10:31:50 | a stay pending resolution of the recusal with full fact |
| 13 | 10:31:56 | development. |
| 14 | 10:31:57 |     And, Your Honor, at this -- the problem that the |
| 15 | 10:31:59 | defense has, is we don't know what we don't know.  We have |
| 16 | 10:32:03 | very limited discovery that the Government provided to us |
| 17 | 10:32:08 | only with the goal of relying upon that evidence in support |
| 18 | 10:32:15 | of their motion for an anonymous jury. |
| 19 | 10:32:18 |     It was not disclosed to us to inform us as to what |
| 20 | 10:32:23 | is going on behind the scenes, that there are threats to the |
| 21 | 10:32:28 | judiciary in this case.  It wasn't to keep us apprised.  It |
| 22 | 10:32:33 | was solely for the Government's benefit, so they could pursue |
| 23 | 10:32:37 | an anonymous jury.  And, yes, it was maybe a few days before, |
| 24 | 10:32:41 | but it was for the filing.  Clearly, that was the sole |
| 25 | 10:32:45 | intent. |

```
10:32:45   1         And so, Your Honor, we have some piecemeal
10:32:48   2   information, and the defense certainly has a reasonable
10:32:52   3   basis, and at this point we would reserve on whether, and to
10:32:56   4   the extent which judges knew, but it's a reasonable inference
10:33:00   5   that the courthouse was informed of this threat of causing
10:33:08   6   damage to the entire building.
10:33:10   7         And so, Your Honor, the -- the defense has been at
10:33:19   8   an incredible disadvantage, which is why we think a
10:33:24   9   substantive evidentiary hearing should be ordered by the
10:33:29  10   Court, so we can address these issues.
10:33:32  11         And our concern, and I apologize for jumping the
10:33:34  12   gun, is that the Court was going to summarily deny the
10:33:39  13   recusal motion, and then just proceed to the merit -- the
10:33:42  14   substantive pretrial motions that the parties have filed.
10:33:45  15         And, Your Honor, even if the evidence --
10:33:49  16         THE COURT:  Go ahead, Mr. Harbaugh.  Go ahead.
10:33:53  17         MR. HARBAUGH:  Your Honor, even if the Court was not
10:33:57  18   personally aware, the issue is what the public would perceive
10:34:02  19   would be the appearance of bias based upon these looming
10:34:07  20   threats, not by our clients, but in their names, specifically
10:34:12  21   invoking their names.
10:34:14  22         And so, Your Honor, based upon that, we think the
10:34:16  23   most prudent course is to schedule expeditiously a hearing on
10:34:23  24   the recusal, and that the Court defer on the substantive
10:34:26  25   motions today.
```

```
10:34:27   1              THE COURT:  Thank you.
10:34:29   2              Do any other defense counsel wish to be heard?
10:34:33   3              Does the Government wish to be heard?
10:34:36   4              MR. YANNIELLO:  Briefly, Your Honor.
10:34:37   5              We understand that the arguments that counsel is
10:34:43   6   making, Mr. Findling, but that is conflating the issue.  The
10:34:47   7   issue before Your Honor is whether Your Honor can be
10:34:49   8   perceived as a biased arbiter of fact here.  Mr. Findling,
10:34:55   9   his entire argument was based on what occurred before the
10:34:59  10   magistrate judge.
10:35:00  11              One thing I do agree with both counsel on is that
10:35:03  12   the threats here have not been linked to any of the
10:35:06  13   defendants in this case.  They were third-party actors.  And
10:35:10  14   it would be not only counterintuitive, but it would defy
10:35:15  15   binding circuit law if judges could be recused based on
10:35:19  16   third-parties or people, even the defendants threatening or
10:35:24  17   trying to intimidate the judge.
10:35:26  18              There is binding law on this point in *Clemons vs.*
10:35:29  19   *United States District Court*, the judge did not recuse, even
10:35:33  20   though the underlying litigation was three -- a person who
10:35:38  21   threatened three different Central District judges, three
10:35:42  22   different judges, and the District Judge still proceeded in
10:35:46  23   that case.
10:35:47  24              The Government's position is the Court can and
10:35:49  25   should categorically reject and summarily deny the request to
```

10:35:53   recuse.  There is no basis to perceive that this Court can
10:35:56   proceed in any fashion other than fair and impartial.
10:36:00           THE COURT:  Thank you.
10:36:02           MR. FINDLING:  May I respond briefly, Your Honor?
10:36:04           THE COURT:  You may.
10:36:05           MR. FINDLING:  Thank you.
10:36:05           Your Honor, I respectfully disagree with the
10:36:10   Government when they say that -- my words are very clear to
10:36:13   Your Honor, and I remember very well, I believe Your Honor
10:36:17   gave us a lengthy hearing on June 2nd.  We had the grand jury
10:36:22   hearing on the transcripts that Ms. O'Connor did, and then
10:36:26   the detention hearing was actually a lengthy hearing.
10:36:30           You took that under advisement, and then you
10:36:32   issued -- you can see your own order -- you gave a very
10:36:36   substantive analysis, not only the hearing, but you gave a
10:36:39   substantive analysis of the decision that was made by the
10:36:44   magistrate in May.
10:36:46           And if I remember correctly, in the sheet, it
10:36:51   references in your order, it lists like the documents
10:36:54   reviewed, or something like that, and I want to say all of
10:36:56   them had May dates, if my memory serves me correctly.
10:37:01           And so while we see the documents going back and
10:37:06   forth to your chambers, we don't know what was communicated
10:37:09   to you.  But here is what we do know:  We do know that you
10:37:14   were analyzing the May decision by Judge Donahue, who was

```
10:37:21   1  well informed of this threat.
10:37:23   2           And so it wasn't just about Judge Donahue, it's that
10:37:29   3  you were in a position -- and again, we say the same thing,
10:37:31   4  we don't know if you or Judge Donahue thought we knew, we
10:37:35   5  have no idea.  And we -- and we concur on the staying the
10:37:39   6  proceedings.  You know, we want to move forward as hard as
10:37:44   7  anybody else, but we feel that, we have fully explained to
10:37:46   8  our client that we have a constitutional responsibility to
10:37:50   9  stay and exhaustively look at this issue.
10:37:53  10           And as Mr. Harbaugh said, it's really clear, it's
10:37:56  11  the appearance, it's the appearance of impropriety, and that
10:37:59  12  is something that the Government didn't talk about, and quite
10:38:02  13  frankly, they can't talk about, because there is no
10:38:06  14  counterpoint, it's indefensible.
10:38:08  15           THE COURT:  Well, that will be addressed later as to
10:38:12  16  what the Government did, and how dire it is.
10:38:16  17           On the matter that is currently before me, the first
10:38:22  18  is should the request for recusal be referred to a different
10:38:26  19  judge?  The rules in this district are very clear, where that
10:38:32  20  it is -- it is consistent with statute that the matter should
10:38:38  21  first be considered by the judge to whom the request is made.
10:38:41  22           And keeping that in mind, the request is denied.
10:38:47  23  There is no basis here for either my recusal, or for that
10:38:52  24  matter, Judge Donahue's recusal.
10:38:56  25           And I disagree that counsel were made fools of.  I
```

```
10:39:02   1   just don't think that is true.  But that is -- I know that
10:39:04   2   you sincerely do believe that, and we'll discuss that at the
10:39:08   3   next hearing.
10:39:09   4            For now, it simply is not the case, and the
10:39:15   5   Government is correct about the case law, that actions in
10:39:20   6   this case can force a judge off the case.  Of course, this is
10:39:26   7   never going to happen, but even if one of the defendants here
10:39:29   8   were to stand up and threaten me in open court, I would hold
10:39:33   9   that person in contempt, but that would not be a basis for me
10:39:36  10   to be recused from the case.
10:39:40  11            Like I said, it's one thing if someone were to be
10:39:43  12   indicted and separately prosecuted for threats, but that is
10:39:48  13   not the situation that we have here.
10:39:50  14            Rather, the situation is, can someone unilaterally
10:39:57  15   force assigned judges off a case by making threats?  And the
10:40:01  16   answer to that question is no.  And it has to be, because
10:40:05  17   otherwise, there would be a -- there would be a reason that
10:40:10  18   people might want to do that.
10:40:13  19            Here, it's especially the case where at no time has
10:40:16  20   anyone thought that the defendants here had any role in this.
10:40:21  21   It was clearly someone who just was agitated and acted out,
10:40:28  22   and did something that should never have been done, but that
10:40:31  23   just has nothing to do with these defendants; and therefore,
10:40:36  24   there is simply no basis for my recusal, Judge Donahue's
10:40:42  25   recusal, or to stay anything.
```

| | |
|---|---|
| 1 10:40:45 | The request for recusal is denied, and we will go |
| 2 10:40:49 | forward with the current schedule. |
| 3 10:40:51 | You know, the Government raised in its opposition |
| 4 10:40:54 | the thought that this is, in essence, an attempt to obtain a |
| 5 10:41:05 | continuance with counsel knowing the Government would object |
| 6 10:41:08 | to that. |
| 7 10:41:09 | I do take your views here, and your agitation |
| 8 10:41:15 | seriously, and know that they are sincerely held, but the |
| 9 10:41:19 | fact is if one of the defendants feels that there needs to be |
| 10 10:41:22 | a continuance of this trial, I'm not in favor of that, |
| 11 10:41:26 | clearly the Government isn't, probably many of the defendants |
| 12 10:41:29 | and counsel are not, as well, then the request should just be |
| 13 10:41:32 | made here, and I'll consider it.  Is there -- is it necessary |
| 14 10:41:36 | to have a continuance here? |
| 15 10:41:39 | But to do that gratuitously when I would either |
| 16 10:41:44 | recuse myself, when there is no basis, or even refer it to |
| 17 10:41:47 | another judge in this district, when there is no basis, then |
| 18 10:41:51 | that just would be inappropriate, when it would likely lead |
| 19 10:41:57 | to a continuance, which is something I don't want, I know the |
| 20 10:42:04 | Government doesn't want it, because it said so, and it could |
| 21 10:42:07 | well be that many of the defendants and counsel don't want |
| 22 10:42:09 | it, either.  So all the more reason that the request should |
| 23 10:42:14 | be denied. |
| 24 10:42:14 | However, the second half of your motion, which is |
| 25 10:42:18 | that the Government has done something which is sufficient to |

```
1  10:42:24   require some other sort of relief than recusal is something
2  10:42:29   that we'll take up at the appropriate time.
3  10:42:31           Let me now turn to the numerous motions which are
4  10:42:38   here.
5  10:42:44           The motion in limine, properly brought, as counsel
6  10:42:47   said, early enough so it can affect how a trial is prepared,
7  10:42:54   is obviously tied, then, to the motion to sever.
8  10:42:59           And the purported 404(b) evidence is so voluminous
9  10:43:08   and so many different sorts that I'm just not prepared to
10 10:43:12   address that today.  So we'll address that at our next
11 10:43:15   hearing.  And there likewise, then, is -- we will address the
12 10:43:21   motion to sever after the dust settles on the 404(b) motion.
13 10:43:28           What we are left with, then, is the motion to
14 10:43:33   dismiss for vagueness, or in the alternative, for the bill of
15 10:43:37   particulars, the motion to dismiss Count 4, the motion for an
16 10:43:47   early -- to suppress evidence, which might have been mooted
17 10:43:52   by the Government's concessions in its opposition, I wasn't
18 10:43:57   clear on that, the motion for an early return of Jencks Act
19 10:44:01   material, and as was mentioned, the Government's request for
20 10:44:04   an anonymous jury.
21 10:44:06           So let's start taking those up.
22 10:44:10           Let me hear counsel on Mr. Banks's motion, in which
23 10:44:16   the other defendants join, to dismiss for vagueness or the
24 10:44:19   bill of particulars.
25 10:44:21           MS. O'CONNOR:  Thank you, Your Honor.
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER