BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
DANIEL H. WEINER (Cal. Bar No. 329025)
MICHAEL J. MORSE (Cal. Bar No. 291763)
Assistant United States Attorneys
      1400/1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3667/0813 / 7367
      Facsimile: (213) 894-0142
      E-mail:    ian.yanniello@usdoj.gov
                 daniel.weiner@usdoj.gov
                 michael.morse@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT WILSON'S APPLICATION FOR REVIEW OF DETENTION ORDER |
| v. | |
| DEANDRE WILSON | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello, Daniel H. Weiner, and Micheal J. Morse hereby files its opposition to defendant's Application for Review of the Detention Order.

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 3, 2026                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       IAN V. YANNIELLO
                                       Assistant United States Attorney
                                       Chief, National Security Division


                                          _/s/_____
                                       IAN V. YANNIELLO
                                       DANIEL H. WEINER
                                       MICHAEL J. MORSE
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Deandre Wilson's application for bond reconsideration is premised on the Government's decision to bring additional murder charges arising from the execution-style murder that defendant and his co-conspirators committed on August 19, 2022.  Defendant also falsely suggests that his role in the Los Angeles murder "is materially subordinate to every other charged defendant."  (Dkt. 412 at 2.)  Both arguments lack merit, and should be rejected.

Indeed, the facts before the Court only strengthen the case for detention.  Defendant allegedly committed the charged murder while released on bond facing separate murder charges in Chicago.  Defendant was later acquitted of that conduct, but his criminal history, including pending state charges for aggravated unlawful use of a weapon, establish his continued dangerousness.

Defendant's leadership role in the charged murder further supports denying his request for bond reconsideration.  Defendant is charged with recruiting other hitmen to travel across the country to hunt and kill T.B., a rival of defendant Banks.  Defendant and the other hitmen then traveled to California to carry out the brazen, premeditated gang murder.  Once they arrived, defendant and his co-conspirators used two vehicles to track and stalk T.B. from the night of August 18 until the afternoon of August 19 --- when the murder occurred.  Specifically, after tracking the rival to a busy gas station in Beverly Hills, three of defendant's co-conspirators opened fire with multiple firearms --- including a machine gun --- missing their intended target and instead murdering S.R.

Surveillance video shows that less than 45 minutes later, while S.R.'s bullet-riddled body was being removed from a vehicle, defendant was ordering food and laughing with his co-conspirators, as depicted in the screenshot below.

(USAO_MEDIA-Bates 269.)

This is not a close case.  The evidence of defendant's guilt is significant and includes testimony from multiple witnesses, text messages showing defendant recruited others to commit the crime, and other evidence showing defendant's leadership role in the alleged gang enterprise.  Defendant's willingness to commit murder while on pretrial release **for murder** demonstrates a complete disregard for the

2

law and establishes that he poses an extraordinary danger to the community. Contrary to defendant's position, the government's decision to bring new charges[1] alleging additional murder and violent crimes committed by defendant's gang enterprise is not mitigating. No condition or combination of conditions can reasonably assure either the safety of the community or Defendant's appearance. The application should be denied.  See 18 U.S.C. § 3142(e)(1) (defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community"); United States v. Liebowitz, 669 F. App'x 603, 604 (2d Cir. 2016) (affirming detention order even though murder-for-hire defendant "had never previously been charged with a violent crime" because the "record contains compelling evidence of [defendant]'s participation in the charged crimes and his knowledge and acquiescence in the use of violence to commit them" which "admits a clear and compelling finding that he posed a threat of future harm"); United States v. Barone, 387 F. App'x 88, 89-90 (2d Cir. 2010) (affirming detention order for defendant whose danger to the community "was clearly and convincingly evidenced by . . . his readiness to commit the charged murder-for-hire").

**I.    CONCLUSION**

Defendant's release would pose a grave risk to the safety of the public, and witnesses and potential witnesses in this case.  No

---

[1] As defendant noted in his filing, for transparency and in light of the August 20 trial date, the government informed defense counsel that it intended to bring additional charges, including Murder in Aid of Racketeering (VICAR murder), in violation of 18 U.S.C.  § 1959(a)(1), and Conspiracy to Commit Stalking, in violation of 18 U.S.C. § 371.

condition or combination of conditions can ensure defendant's appearance or mitigate his danger to the community.  The Court should order defendant detained.