TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:    ian.yanniello@usdoj.gov
                   michael.morse@usdoj.gov
                   daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(D)-MWF-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT DEANDRE WILSON'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY |
| v. | |
| DEANDRE WILSON, | |
| | Hearing Date: August 13, 2026 |
| Defendant. | Hearing Time: 10:00 a.m. |
| | Location:    Courtroom of the Hon. Michael W. Fitzgerald |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its Opposition to Defendant Deandre Wilson's Motion *in Limine* to Exclude Expert Testimony.

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 7, 2026                    Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division


            /s/
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

Defendant Deandre Wilson moves to wholesale exclude the testimony of two of the government's noticed experts: cell site expert Timothy DeVries, and ATF Firearms Officer Jeffrey Bodell.[1] Because the government provided sufficient, detailed notice for both of these relevant experts, the Court should deny the motion.

**II.   ARGUMENT**

**A.   Cell Site Expert Timothy DeVries**

At trial, the government anticipates providing expert testimony from LexisNexis Geolocation Analyst Timothy Devries regarding the approximate location of the co-conspirators during the murder based on his cell-site analysis.  Defendant's request to fully exclude Mr. DeVries from providing his analysis misconstrues the notice actually provided to defendants, and should be denied.

On August 1, 2025, the government noticed FBI SA Nathaniel Dingle from the FBI's Cellular Analysis Survey Team ("CAST") to provide exert testimony regarding the cell-site analysis.  The notice (attached as **Exhibit 4** [under seal]) explained in detail SA Dingle's anticipated testimony regarding the approximate phone locations of

---

[1] Defendant Wilson also challenges a narrow portion of FBI Digital Forensic Examiner Andrew Jaung's expected testimony, namely, that the significant damage to defendant Wilson's cell phone when it was seized by the FBI "is consistent with an attempt to destroy the device." The government has provided defendants with a revised expert disclosure that does not contain Mr. Jaung's opinion about how the device was damaged.  Nonetheless, defendant's request to preclude the government from making "any related argument in closing, characterizing phone damage as intention" is without merit, as the government anticipates introducing facts in evidence creating a reasonable inference that the damage was intentional (e.g., timing of the search warrant, photos of the extensive damage to the device, that the device was found concealed behind a couch, etc.).

the co-conspirators from August 18 to August 19, 2022, and stated that the analysis was based on the underlying Call Detail Records ("CDRs") previously produced in discovery.  At no point did the defense request additional information regarding the proposed expert testimony or indicate the government's disclosure was inadequate.

On April 16, 2026, the government provided notice to the defense that it would call Mr. DeVries in lieu of SA Dingle.  The revised notice set forth and attached Mr. DeVries' training and experience, and his previous court testimony.  The notice also: (i) identified that the government anticipated that Mr. DeVries' forthcoming analysis and presentation would be consistent with the previously-disclosed cell site analysis; and (ii) that Mr. DeVries' analysis would cover other evidence collected during the government's investigation, "including GPS data from the white BMW used to track, stalk, and murder S.R."[2]

On July 15, 2026, the government produced Mr. DeVries' draft analysis and presentation (i.e., his draft expert report).[3]  The presentation is 122 slides, and includes: (i) a detailed analysis of Mr. DeVries's cell-site analysis, displaying the approximate locations of the co-conspirators during the relevant timeframe at relevant locations (e.g., T.B.'s hotel and the gas station murder

---

[2] The additional testimony disclosed (i.e., related to summarizing GPS data), is not expert testimony.  The testimony and related exhibits the government anticipates introducing will aid the jury by summarizing voluminous records.  See Fed. R. Evid. 1006.

[3] The government anticipates producing a final draft of Mr. DeVries presentation by August 12, 2026, but reserves the right to revise the presentation, and will provide sufficient notice to the defense if so, prior to his testimony.  The July 15 draft presentation (i.e., the draft expert report) also included Mr. DeVries' digital signature in compliance with Rule 16, and Mr. DeVries' final presentation will likewise include a signature on his report.

scene); and (ii) citations for the specific records Mr. DeVries relied on to complete his analysis (see Mot., Ex. B. at Slides 120-122).  Prior to meeting-and-conferring about defendant's motions *in limine*, the defense did not solicit any additional information regarding Mr. DeVries' proposed testimony or analysis.

Defendant's contentions regarding the purported inadequacy of the notice is baseless.  The defense has been aware of the anticipated cell-site location analysis since at least August 2025,[4] and the production of Mr. DeVries' presentation (including citations for the records he used to conduct his analysis)[5] on July 15, 2026 gave sufficient notice of his testimony as required by Rule 16, and therefore provided the defense ample material to investigate and ask any follow up questions to the government, which would have been answered promptly.  See Fed. R. Crim. P. 16(a)(1)(G)(iv) (government may provide report setting forth the expert's opinions, bases and reasons for them).  Moreover, much of the information defendant claims is not contained in Mr. DeVries disclosure *is contained in the disclosure*.  For example, defendant asserts that Mr. DeVries presentation "does not identify a single cell tower, a single call record, or a single date and time that DeVries actually reviewed." (Mot. at 2.)  However, each slide that identifies the approximate

---

[4] Indeed, on December 18, 2024, the government produced the FBI's draft cell site analysis (see USAO_11612), and the underlying cell site records (see, e.g., USAO_9940-10103).

[5] Following the meet and confer about this motion *in limine*, the government has also produced to the defense a written report by Mr. DeVries explaining the technology and methodology used to conduct his analysis.

3

location of a co-conspirator's cellular phone references the specific, underlying data.[6]

At bottom, the government's disclosures related to Mr. DeVries' expert testimony are adequate and appropriate under Rule 16. Moreover, the defense was made aware of the specific details of Mr. DeVries' proposed expert analysis and chose not to raise any issues until the morning motions *in limine* were due.  Exclusion of this highly material analysis is wholly unwarranted.

**B.    ATF Firearms Enforcement Officer Jeffrey Bodell**

Defendant's request to fully exclude ATF FEO Bodell's analysis regarding the types of firearms (including a machinegun) the co-conspirators used to kill S.R. essentially asks the Court to sanitize the callous nature of the murder in which defendant Wilson was an alleged participant.  The government has the burden to prove that S.R. was killed by gunfire, and that the co-conspirators' stalking course of conduct (including the discharge of a machinegun in broad daylight at a busy gas station) either: (i) placed T.B. or S.R. in reasonable fear of death or serious bodily injury; or (ii) caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to T.B. or S.R.  See 18 U.S.C. § 2261A(2), (A), (B).  The co-conspirators' brazen use of a machinegun to attempt to kill T.B., resulting in the death of S.R., is plainly relevant to a fact at issue and should not be excluded.

---

[6] For example, Slide 96 shows that defendant Wilson's phone, along with multiple other co-conspirators' phones, was in the approximate location of the Melrose clothing store around the time the conspirators were lying in wait for T.B.  The slide identifies the specific row from the underlying records (i.e., 11076) from which the analysis draws.  To the extent the defendants would like this data produced in a different format, the government will accommodate such request.

4

Old Chief v. United States, 519 U.S. 172, 186-87 (1997) (as a general matter, "prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present").

# EXHIBIT 4

## [UNDER SEAL]