BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/0813/7367
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 2:24-621(D)-MWF<br><br>GOVERNMENT'S STATEMENT REGARDING CONFRONTATION CLAUSE |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby submits its statement regarding defendant Deandre Wilson's Confrontation Clause objection to FBI Digital Forensic Examiner Andrew Jaung's testimony.

//

//

This statement is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 17, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

*/s/*

IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

During the pretrial conference on August 13, 2026, the Court ordered the government to submit its position whether FBI Digital Forensic Examiner Andrew Jaung's testimony regarding the extraction of defendant Deandre Wilson's substantially damaged iPhone implicates the Sixth Amendment's Confrontation Clause and Smith v. Arizona, 602 U.S. 779 (2024).

At trial, absent a stipulation from defendant Wilson, the government intends to call the forensic examiner who conducted the extraction of defendant Wilson's phone. Accordingly, defendant Wilson will have the opportunity to cross-examine that examiner, and there is no Confrontation Clause issue. Cf. Smith, 602 U.S. at 802–03.