UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. **CR 24-621(D)-MWF** Date: August 17, 2026

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Michael J. Morse, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 2) Deandre Dontrell Wilson | Not | X | | 2) Craig A. Harbaugh | Not | | X |
| 4) David Brian Lindsey | Not | X | | 4) Tillet J. Mills, II<br>Robert A. Jones | Not | | X |
| 6) Durk Banks | Not | X | | 6) Christy O'Connor<br>Drew Findling<br>Marissa H. Goldberg<br>Brian Steel | Not | | X |

**Proceedings: (IN CHAMBERS) ORDER RE: DEFENDANT WILSON'S MOTION TO EXCLUDE EXPERT TESTIMONY [509]**

Before the Court is Defendant Deandre Dontrell Wilson's Motion to Exclude Expert Testimony (the "Wilson Expert Motion"), filed on July 27, 2026. (Docket No. 509). The Government filed an Opposition on August 7, 2026. (Docket No. 539). Defendants Banks and Lindsey filed joinders to the Wilson Expert Motion. (*See* Docket Nos. 548, 562).

The Court read and considered the papers filed in connection with the Wilson Expert Motion and held a hearing on **August 13, 2026**.

The Court rules as follows:

- The Wilson Expert Motion is **DENIED** as to Mr. DeVries. In light of the detailed presentation and the software methodology report produced to the defense, any deficiency in the Government's original DeVries Disclosure was cured well before his anticipated testimony, and Wilson identifies no resulting prejudice. The Court further **FINDS** that Mr. DeVries is qualified as a CSLI expert.

- The Wilson Expert Motion is **GRANTED** ***in part*** and **DENIED** ***in part*** as to SA Bodell. SA Bodell may testify about the type and characteristics of the weapons depicted, including whether they were capable of automatic fire. The Court

**FINDS** that SA Bodell is qualified to do so based on his background, training, and experience. He may not opine, however, that any weapon legally qualifies as a "firearm" or "machinegun" or otherwise offer testimony concerning statutory classifications not at issue in this trial.

## I. LEGAL STANDARD

### A. Federal Rule of Evidence 702

Rule 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that" all of the following elements are met:

a. the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
b. the testimony is based on sufficient facts or data;
c. the testimony is the product of reliable principles and methods; and
d. the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The inquiry into the admissibility of an expert opinion is a "flexible one." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–94 (1993)). Still, "[u]nder Rule 702, before admitting expert testimony, the district court must perform a gatekeeping role to ensure that the testimony is both relevant and reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 897–98 (9th Cir. 2020) (cleaned up).

### B. Federal Rule of Criminal Procedure 16

Federal Rule of Criminal Procedure 16 requires the Government, upon request, to disclose in writing any expert testimony it intends to use in its case-in-chief. Fed. R. Crim P. 16(a)(1)(G). The disclosure must include, among other things, "a complete statement of all opinions" the Government intends to elicit, "the bases and reasons for them," and the expert's qualifications, and ordinarily must be approved and signed by the witness. *Id.* In this district, absent agreement or a contrary order, the Government must make its expert disclosures no later than 30 days before trial. L.Cr.R. 16-1.

If the Government fails to comply with Rule 16, a district court "may order disclosure, grant a continuance, prohibit the [G]overnment from offering the evidence at trial, or grant whatever relief the district court deems just under the circumstances." *United States v. Mendoza,* 244 F.3d 1037, 1046 (9th Cir. 2001). However, the "court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee,* 695 F.2d 1165, 1169 (9th Cir. 1983).

## II. <u>DISCUSSION</u>

### A. <u>CSLI Expert Timothy J. DeVries</u>

The Government intends to call LexisNexis Risk Solutions Senior Geolocation Analyst Timothy J. DeVries, who will testify concerning historical cell-site location information ("CSLI") at issue in this case. (*See generally* DeVries Disclosure (Wilson Expert Motion, Ex. A)). Wilson seeks to exclude Mr. DeVries's testimony on the grounds that the Government failed to provide a timely and adequate expert disclosure under Federal Rule of Criminal Procedure 16. (Wilson Expert Motion at 1–3).

The Government originally intended to call FBI Special Agent Nathaniel Dingle to interpret the CSLI and provided notice to that effect on August 1, 2025. (*See* Dingle Disclosure (Wilson Expert Motion, Ex. C)). On April 17, 2026, the Government produced the DeVries Disclosure, stating that it was "supplement[ing] the [G]overnment's previously disclosed expert notice" for SA Dingle, that the Government would be calling Mr. DeVries "in lieu of SA Dingle regarding the approximate locations of various conspirators' telephones," and that Mr. DeVries's analysis would be "consistent with SA Dingle's previously disclosed analysis." (DeVries Disclosure at 2). On July 16, 2026, the Government also produced a draft of Mr. DeVries's 122-slide PowerPoint report, which includes his visualizations of the CSLI as well as a list of the specific records upon which Mr. DeVries relied. (*See* Wilson Expert Motion, Ex. B). After the parties met and conferred concerning this Motion, the Government supplemented its disclosure with a report explaining the software Mr. DeVries used to create the CSLI visualizations, the LexisNexis "TraX" platform, and its methodology. (*See* Opp. at 3 n.5; *see also* Docket Nos. 572–73).

In light of these facts, there is no Rule 16 violation that would warrant exclusion of Mr. DeVries's testimony. Although the DeVries Disclosure did not separately enumerate each anticipated opinion in the same manner as the earlier Dingle Disclosure, the Government adequately informed the defense that Mr. DeVries would offer consistent opinions to SA Dingle. *See United States v. Ilegbameh*, No. CR 13-00201-MWF-1, 2013 WL 12171602, at *2

(C.D. Cal. Nov. 13, 2013) (denying motion to exclude expert witness where Government's disclosure adequately provided notice that the expert's testimony "will be consistent" with earlier identified statements).

The Government also produced, over 30 days before trial, a detailed PowerPoint presentation containing Mr. DeVries's visualizations of each plotted location and the corresponding record citation upon which each specific visualization was based. The presentation therefore communicates the substance of Mr. DeVries's anticipated opinions and the data supporting each opinion. To the extent that Mr. DeVries used a different software than SA Dingle to conduct his CSLI analysis, the Government has since provided the defense with an explanation of that software and its methodology. (*See* Opp. at 3 n.5).

In light of the detailed presentation and software report, any deficiency in the Government's original DeVries Disclosure was cured well before his anticipated testimony, and Wilson identifies no resulting prejudice. Under these circumstances, exclusion would not be an appropriate remedy even assuming a technical violation of Rule 16 occurred. *See United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983); *see also United States v. Duvall*, 272 F.3d 825, 829 (7th Cir. 2001) (affirming denial of motion to exclude expert testimony where defendant had not identified any prejudice that could have been avoided by a more detailed notice).

Accordingly, the Wilson Expert Motion is **DENIED** as to Mr. DeVries.

At the hearing, Wilson also emphasized that the Court is required to make an express determination under Rule 702 before permitting Mr. DeVries to testify as to his expert opinions. Wilson is correct, *see United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189–90 (9th Cir. 2019); *United States v. Castro Alavez*, 167 F.4th 1056, 1067 (9th Cir. 2026) (discussing the "gatekeeping role" of the district court), but Wilson made no particular argument that Mr. DeVries is unqualified, that his methodology is unreliable, or that he unreliably applied that methodology to the CLSI in this case. Wilson also did not request a separate *Daubert* hearing. In any case, having reviewed Mr. DeVries's qualifications, his detailed presentation, and the report describing the software used, the Court **FINDS** that he is qualified as a CSLI expert by his knowledge, training, and experience; that his proposed testimony is based on sufficient facts and data and reliable methods; and that those methods were reliably applied to the CSLI at issue. *See* Fed. R. Evid. 702.

## B. ATF Special Agent Jeffrey Bodell

The Government further provided notice that it intends to call ATF Special Agent Jeffrey Bodell, who will testify as to the nature and types of firearms used in the shooting based on his review of the relevant video files, including whether the weapons were capable of automatic fire and whether they satisfy the federal definitions of "firearm" and "machinegun." (*See generally* Bodell Disclosure (Docket No. 581)). Wilson seeks to exclude SA Bodell's proposed testimony, arguing that the type of firearm used is not an element of the charges before the jury and that expert testimony concerning machineguns would be unhelpful and prejudicial. (Wilson Expert Motion at 3–4).

The Court agrees with Wilson in part. Whether a particular weapon formally satisfies the statutory definitions of "firearm" or "machinegun" under 26 U.S.C. § 5845 is not an issue in this trial. Count Seven charges the use of a firearm known to be a machinegun under 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii) (*see* Fourth Superseding Indictment ("4SI") (Docket No. 524), Count Seven), but the Court severed that count from this upcoming trial. Expert testimony applying any specialized statutory definitions would not assist the jury in resolving the charges that remain for trial.

However, testimony about the characteristics and nature of the weapons is otherwise relevant. The stalking charges require the Government to prove whether Defendants "engaged in a course of conduct" that placed the victims "in reasonable fear of death or serious bodily injury, and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress." (*See* 4SI, Counts Three & Four); *see also* 18 U.S.C. § 2261A(2)(A). The Government further intends to seek an *Apprendi* finding that "a dangerous weapon" was used "during the [stalking] offense." *See* 18 U.S.C. § 2261(b)(3). Whether the shooters used certain, more dangerous weapons capable of automatic fire therefore bears directly on the severity of the alleged attack and are probative of issues the jury must decide. That the characteristics of the weapons make the alleged shooting appear more dangerous does not make the evidence unfairly prejudicial; to the contrary, that danger is part of its probative force. *See Old Chief v. United States*, 519 U.S. 172, 186–87 (1997) (upholding the general rule that "the prosecution is entitled to prove its case by evidence of its own choice").

Accordingly, the Wilson Expert Motion is **GRANTED *in part*** and **DENIED *in part*** as to SA Bodell. SA Bodell may testify about the type and characteristics of the weapons depicted, including whether they were capable of automatic fire. The Court **FINDS** that SA Bodell is qualified to do so based on his background, training, and experience. He may not

opine, however, that any weapon legally qualifies as a "firearm" or "machinegun" or otherwise offer testimony concerning statutory classifications not at issue in this trial.

## III. CONCLUSION

The Wilson Expert Motion is **DENIED** as to Mr. DeVries. The Court further **FINDS** that Mr. DeVries is qualified as a CSLI expert.

The Wilson Expert Motion is **GRANTED *in part*** and **DENIED *in part*** as to SA Bodell. SA Bodell may testify about the type and characteristics of the weapons depicted, including whether they were capable of automatic fire. The Court **FINDS** that SA Bodell is qualified to do so based on his background, training, and experience. He may not opine, however, that any weapon legally qualifies as a "firearm" or "machinegun" or otherwise offer testimony concerning statutory classifications not at issue in this trial.

IT IS SO ORDERED.