UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. **CR 24-621(D)-MWF** Date: August 19, 2026

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Michael J. Morse, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 2) Deandre Dontrell Wilson | Not | X | | 2) Craig A. Harbaugh | Not | | X |
| 4) David Brian Lindsey | Not | X | | 4) Tillet J. Mills, II<br>Robert A. Jones | Not | | X |
| 6) Durk Banks | Not | X | | 6) Christy O'Connor<br>Drew Findling<br>Marissa H. Goldberg<br>Brian Steel | Not | | X |

**Proceedings: (IN CHAMBERS) ORDER RE: DEFENDANT LINDSEY'S MOTION IN LIMINE NO. 1 [505]**

Before the Court is Defendant David Brian Lindsey's Motion in Limine No. 1 (the "Motion"), filed on July 28, 2026. (Docket No. 505). The Government filed an Opposition on August 7, 2026. (Docket No. 540). Defendants Durk Banks and Deandre Dontrell Wilson filed joinders to the Motion. (*See* Docket Nos. 548, 561).

The Court read and considered the papers filed in connection with the Motion and held a hearing on **August 13, 2026**.

The Court rules as follows:

- The Motion is **DENIED *as moot*** as to whether Exhibits 207, 210–14, 221–223, and 292–93 satisfy Rule 801(d)(2)(E) against Lindsey, because those exhibits have already been excluded or the Government states it is not offering them under Rule 801(d)(2)(E), if at all.

- the Motion is **DENIED** as to Exhibits 50–52, 206, 208–09, 215–16, 219, and 295–96, which are **ADMITTED**. The Government has established the foundational requirements under Rule 801(d)(2)(E) by a preponderance of the evidence.

- The Motion is **GRANTED *without prejudice*** as to Exhibits 122, 217–18, and 220. The Government either does not respond specifically or does not adequately explain how these particular statements were made in furtherance of the alleged conspiracy. The Government may later establish that the requirements of Rule 801(d)(2)(E) are satisfied. Until then, these exhibits may ***not*** be admitted absent a limiting instruction that they are not relevant as to Lindsey.

## I. LEGAL STANDARD

Under Federal Rule of Evidence 801(d)(2)(E), the statement of a co-conspirator is admissible against all co-conspirators, if the Government shows by a preponderance of the evidence that (1) a conspiracy existed at the time the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 833–34 (9th Cir. 2023); *Bourjaily v. United States,* 483 U.S. 171, 175 (1987).

As for the "in furtherance" requirement, "[n]arrations of past events are inadmissible, but expressions of future intent or statements that further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy are admissible under Rule 801(d)(2)(E)." *Alahmedalabdaloklah*, 94 F.4th at 834 (quoting *United States v. Bowman*, 215 F.3d 951, 961 (9th Cir. 2020)). Moreover, in evaluating the existence of the conspiracy or a defendant's participation in it, the Government "must produce," in addition to the statement itself, "some independent evidence which, viewed in light of the co-conspirator statements, establishes the requisite connection between the accused and the conspiracy." *Id.* (quoting *Untied States v. Saelee*, 51 F.4th 327, 342 (9th Cir. 2022)).

## II. DISCUSSION

In his Motion, Lindsey broadly seeks to exclude statements he contends were made "outside the conspiracy's duration," including Exhibits 122, 206–23, 292–93, and 295–96; to preclude certain statements of cooperating witnesses, including Exhibit 293; and to require the Government, before opening statements, to identify and establish the foundation for every statement it intends to offer against Lindsey under Rule 801(d)(2)(E). (*See generally* Motion).

### A. Statements the Government Does Not Seek to Admit Under Rule 801(d)(2)(E)

Whether or not several of the statements identified in the Motion are admissible under Rule 801(d)(2)(E) is now moot. The Court already excluded Exhibits 221 and 223 on other

grounds. (*See* Order re: Misc. Exhibits (Docket No. 600) at 6). Additionally, the Government represented that it will not seek to admit Exhibits 207, 210–14, and 222 in its case-in-chief, and on that basis, the Court therefore overruled objections to those exhibits as moot. (*See id.* at 5–6). The Government further represents it will not offer Exhibit 292 for its truth and that it will only offer Exhibit 293 for a non-hearsay purpose or as a prior consistent statement depending on the testimony and any credibility challenge at trial. (Opp. at 5; *id.* n.5).

Accordingly, the Motion is **DENIED *as moot*** as to whether Exhibits 207, 210–14, 221–223, and 292–93 satisfy Rule 801(d)(2)(E) against Lindsey.

### B. **Statements Admissible Against Lindsey Under Rule 801(d)(2)(E)**

The Government has sufficiently established the Rule 801(d)(2)(E) foundation as to Exhibits 50–52, 206, 208–09, 215–16, 219, and 295–96.

Exhibits 50–52 consist of communications arranging relevant travel for co-conspirators; Exhibit 206 concerns a co-conspirator's effort to obtain T.B.'s contact information soon after Bennett's killing; and Exhibit 209 includes statements encouraging action to avenge Bennett. The record sufficiently indicates that these statements were in furtherance of a conspiracy Lindsey joined. *See United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988) (explaining that statements are "in furtherance" where they, among other things, "set in motion transactions that are an integral part of the conspiracy" or are "made to prompt further action on the part of conspirators").

Lindsey argues that these exhibits are inadmissible against him because they predate his involvement. (Motion at 1–3). But a co-conspirator statement made before a defendant joins an existing conspiracy may be admissible against the later-joining defendant, provided the requirements of Rule 801(d)(2)(E) are otherwise satisfied. *See, e.g.*, *United States v. Segura-Gallegos*, 41 F.3d 1266, 1272 (9th Cir. 1994) ("[I]t does not matter that there was no evidence of Segura-Gallegos' participation in the conspiracy before October 4. Statements of his co-conspirators are not hearsay even if they were made before Segura-Gallegos entered the conspiracy."). Therefore, Lindsey's contention that he is not alleged to have joined the conspiracy until August 18, 2022, does not itself require exclusion of any earlier statements.

Exhibit 208 is an exchange immediately following the shooting discussing its result and T.B.'s reaction. Exhibits 215 and 216 discuss efforts to maintain cohesion, not cooperate, and delete messages after being alerted about potential cooperation and investigation. Exhibit 219 includes remarks that others are "playing with [Bennett's] name," but that inaction from others

is "leaving it all up to [Banks and others]." The statements in Exhibits 208, 215–16, and 219 were in furtherance because they kept "coconspirators abreast of an ongoing conspiracy's activities," namely the outcome of the events in Los Angeles and the status of avenging Bennett's death, *see Yarbrough*, 852 F.2d at 1536, or because they sought to help conceal the conspiracy's tracks as it proceeded. *See United States v. Tille*, 729 F.2d 615, 620 (9th Cir. 1984) (explaining that concealment strategies may be in furtherance of certain conspiracies).

Lindsey argues that these statements "postdate the object" of the conspiracy, but he has not established that August 19, 2022, operates as a categorical cut-off date for any Rule 801(d)(2)(E) statements. While statements made after a conspiracy's object is achieved are generally not in furtherance of that conspiracy, *United States v. Miller*, 676 F.2d 359, 364 (9th Cir. 1982), here, the conspiracy's object was not necessarily achieved on August 19, 2022, because the indictment alleges a conspiracy to stalk and kill T.B. but also alleges that he was not killed on that date as intended. (*See generally* Fourth Superseding Indictment (Docket No. 524), Count Two). As a result, this is not a case where Rule 801(d)(2)(E) admissibility solely turns on the timing of a statement, but instead on the "in furtherance" analysis discussed above. *Alahmedalabdaloklah*, 94 F.4th at 834.

Exhibits 295 and 296 are Banks's jail calls concerning an alleged coconspirator's custodial movements and suspected cooperation with authorities. In context, the statements were directed at monitoring potential cooperation, arguably preserving the secrecy and cohesion of the alleged conspiracy, and therefore made in furtherance of it. *See Hawkins v. Bunnell*, 16 F. App'x 656, 658 (9th Cir. 2001) ("Statements which serve a necessary part of a conspiracy by concealing it or impeding an investigation are admissible as statements made during and in furtherance of the conspiracy.").

Moreover, Lindsey has not established a *Bruton* problem requiring redaction of Exhibits 295 and 296. (*See* Motion at 5). For one, co-conspirator statements which meet the requirements of Rule 801(d)(2)(E) do not implicate *Bruton*. *United States v. Eaglin*, 571 F.2d 1069, 1078 (9th Cir. 1977); *see also Yarbrough*, 852 F.2d at 1536 (explaining that the requirements of Rule 801(d)(2)(E) are coextensive with the Confrontation Clause). Moreover, *Bruton* applies only to facially incriminating testimonial statements, *Lucero v. Holland*, 902 F.3d 979, 987–88 (9th Cir. 2018), and Lindsey makes no attempt to explain how these exhibits are testimonial or facially incriminating as to him — likely a futile effort given Lindsey's representation that he "does not speak on, is not spoken to on, and is not mentioned in those calls." (Motion at 5).

Finally, to the extent Lindsey globally objects that the "independent evidence of [his participation in the conspiracy] is exceptionally thin" (Motion at 4–5), the Court disagrees with that assessment. *See United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir. 1987) ("Once a conspiracy is shown, the prosecution need only present slight evidence connecting the defendant to the conspiracy."). That argument provides no current basis to exclude the exhibits identified in the Motion.

Accordingly, the Motion is **DENIED** as to Exhibits 50–52, 206, 208–09, 215–16, 219, and 295–96, which are **ADMITTED**.

### C. Statements Not Yet Admitted Against Lindsey Under Rule 801(d)(2)(E)

As for the remaining challenged exhibits — Exhibits 122, 217–18, and 220 — the Government either does not respond specifically or does not adequately explain how the particular statement was made in furtherance of the alleged conspiracy.

For example, the Government describes Exhibit 122 as an August 2023 group text indicating that a co-conspirator was on a "VIP" list for Banks's shows, but it does not explain how that statement advanced any objective of the alleged conspiracy. (Opp. at 4). As to Exhibits 217, 218, and 220, the Government states only that the Court previously ruled those exhibits admissible. (Opp. at 5 n.5). But the Court's prior rulings did not purport to address any hearsay challenge or decide whether the statements contained in those exhibits were admissible against certain Defendants under Rule 801(d)(2)(E). These statements very well may end up being admitted against Lindsey if the Government later establishes that the requirements of Rule 801(d)(2)(E) are satisfied — or explains how these statements are otherwise admissible. But until then, the Court will not supply an "in furtherance" theory that the Government itself has not articulated.

Accordingly, the Motion is **GRANTED *without prejudice*** as to Exhibits 122, 217–18, and 220. These exhibits may ***not*** be admitted absent a limiting instruction that they are not relevant as to Lindsey.

## III. CONCLUSION

The Motion is **DENIED *as moot*** as to whether Exhibits 207, 210–14, 221–223, and 292–93 satisfy Rule 801(d)(2)(E) against Lindsey, because those exhibits have already been excluded or the Government states it is not offering them under Rule 801(d)(2)(E), if at all.

The Motion is **DENIED** as to Exhibits 50–52, 206, 208–09, 215–16, 219, and 295–96, which are **ADMITTED**. The Government has established the foundational requirements under Rule 801(d)(2)(E) by a preponderance of the evidence.

The Motion is **GRANTED** ***without prejudice*** as to Exhibits 122, 217–18, and 220. The Government either does not respond specifically or does not adequately explain how these particular statements were made in furtherance of the alleged conspiracy. The Government may later establish that the requirements of Rule 801(d)(2)(E) are satisfied. Until then, these exhibits may ***not*** be admitted absent a limiting instruction that they are not relevant as to Lindsey.

IT IS SO ORDERED.