UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. **CR 24-621(D)-MWF** Date: August 19, 2026

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Michael J. Morse, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 2) Deandre Dontrell Wilson | Not | X | | 2) Craig A. Harbaugh | Not | | X |
| 4) David Brian Lindsey | Not | X | | 4) Tillet J. Mills, II<br>Robert A. Jones | Not | | X |
| 6) Durk Banks | Not | X | | 6) Christy O'Connor<br>Drew Findling<br>Marissa H. Goldberg<br>Brian Steel | Not | | X |

**Proceedings: (IN CHAMBERS) ORDER RE: DEFENDANT BANKS'S MOTION TO EXCLUDE GOVERNMENT'S PROPOSED GANG EXPERT [514]; BANKS'S EX PARTE APPLICATION TO SUPPLEMENT THE RECORD REGARDING GANG EVIDENCE [608]**

Before the Court is Defendant Durk Banks's Motion to Exclude Government's Proposed Gang Expert (the "Banks Expert Motion"), filed on July 27, 2026. (Docket No. 514). The Government filed an Opposition on August 7, 2026. (Docket No. 538). Defendants Deandre Dontrell Wilson and David Brian Lindsey filed joinders to the Banks Expert Motion. (*See* Docket Nos. 561, 562). Banks later filed an Ex Parte Application to Supplement the Record Regarding Gang Evidence (the "Banks Application") on August 18, 2026. (Docket No. 608).

The Court read and considered the papers filed in connection with the Banks Expert Motion and held a hearing on **August 13, 2026**.

The Banks Expert Motion is **GRANTED *in part*** and **DENIED *in part***. Detective Kilroy may offer limited testimony insofar as it is relevant to the Government's theory of motive and necessary to explain certain terminology and background context. He may not testify as to the second through seventh items identified in the Kilroy Disclosure, as to the Gangster Disciples or gang rivalries not at issue in this trial, or as otherwise prohibited below.

The Banks Application is **DENIED *without prejudice*** to an appropriate objection at trial.

# I. LEGAL STANDARD

## A. Federal Rule of Evidence 702

Rule 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that" all of the following elements are met:

a. the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
b. the testimony is based on sufficient facts or data;
c. the testimony is the product of reliable principles and methods; and
d. the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The inquiry into the admissibility of an expert opinion is a "flexible one." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–94 (1993)). Still, "[u]nder Rule 702, before admitting expert testimony, the district court must perform a gatekeeping role to ensure that the testimony is both relevant and reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 897–98 (9th Cir. 2020) (cleaned up).

## B. Federal Rule of Criminal Procedure 16

Federal Rule of Criminal Procedure 16 requires the Government, upon request, to disclose in writing any expert testimony it intends to use in its case-in-chief. Fed. R. Crim P. 16(a)(1)(G). The disclosure must include, among other things, "a complete statement of all opinions" the Government intends to elicit, "the bases and reasons for them," and the expert's qualifications, and ordinarily must be approved and signed by the witness. *Id.* In this district, absent agreement or a contrary order, the Government must make its expert disclosures no later than 30 days before trial. L.Cr.R. 16-1.

If the Government fails to comply with Rule 16, a district court "may order disclosure, grant a continuance, prohibit the [G]overnment from offering the evidence at trial, or grant whatever relief the district court deems just under the circumstances." *United States v. Mendoza,* 244 F.3d 1037, 1046 (9th Cir. 2001). However, the "court should not impose a

sanction harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee,* 695 F.2d 1165, 1169 (9th Cir. 1983).

## II. DISCUSSION

### A. Banks Expert Motion

The Government intends to call Chicago Police Department Detective Kevin Kilroy to provide background testimony on two Chicago gangs, the Black Disciples and the Gangster Disciples, as well as seven enumerated topics/opinions, including that there are a number of "common rules or patterns of behavior" associated with Chicago gang members, including violent retaliatory attacks against rivals and law enforcement cooperators, the use of hand signals and signs, the use of stolen vehicles and license plates, and the production of rap music to diss rivals and earn notoriety. (*See generally* Kilroy Disclosure (Banks Expert Motion, Ex. 1)). He will also testify as to the meaning of certain slang terms used by Chicago gang members and the "limitations associated with obtaining phone records from telecommunication companies in gang related crimes." (*Id.* at 3–5).

Banks seeks to exclude Detective Kilroy's testimony on the grounds that the Government's notice is deficient under Rule 16 and that his testimony is not "necessary or relevant" and should be excluded under Federal Rules of Evidence 401, 403, and 702. (*See generally* Banks Expert Motion). Banks also argues that the testimony will impermissibly wade into topics excluded by the Court's severance of the VICAR-related charges. (*Id.* at 2). Those charges indeed allege a "Banks Gang Enterprise" associated with the Black Disciples gang. (*See* Fourth Superseding Indictment ("4SI") (Docket No. 524) at 3; *see also id.*, Counts One & Seven). Banks further argued at the hearing that the Government's injection of gang-affiliation evidence into the case is a last-minute shift in the Government's theory that is inconsistent with the record.

"Evidence of gang affiliation is admissible when it is relevant to a material issue in the case." *United States v. Takahashi*, 205 F.3d 1161, 1164 (9th Cir. 2000). The Ninth Circuit has approved the limited use of such evidence to establish bias, *id.*; *see also United States v. Abel,* 469 U.S. 45, 49 (1984), identity, *United States v. Easter*, 66 F.3d 1018, 1021 (9th Cir. 1995), and, particularly relevant here, motive. *United States v. Santiago*, 46 F.3d 885, 889 (9th Cir. 1995); *United States v. Rodriguez*, 766 F.3d 970, 986–88 (9th Cir. 2014); *see also United States v. Major,* 676 F.3d 803, 810 (9th Cir. 2012). In *Santiago*, for example, the Ninth Circuit affirmed the admission of Mexican Mafia evidence because it helped explain why the defendant "would kill a stranger — to be accepted into the gang — and to show how and why other

inmates assisted him in obtaining the weapon." 46 F.3d at 889–90. The evidence therefore bore directly on "motive and preparation" rather than merely suggesting guilt by association. *Id.* And the court rejected the defendant's Rule 404(b) challenge because the gang evidence did not concern separate wrongful acts and, in any case, was admissible for a non-propensity purpose. *Id.* (discussing Fed. R. Evid. 404(b)).

The Ninth Circuit has also acknowledged that evidence of gang affiliation carries obvious potential for unfair prejudice and unintentional propensity inferences which must be considered under Rule 403. *See Kennedy v. Lockyer,* 379 F.3d 1041, 1055 (9th Cir. 2004) (noting that "evidence relating to gang involvement will almost always be prejudicial"). At the hearing, the defense relied on *Kennedy* to argue that introduction of gang evidence is reversible error, but in *Rodriguez*, the Ninth Circuit clarified that *Kennedy* "did not address an evidentiary challenge to gang affiliation evidence" and instead concerned, in the habeas context, prejudice arising after the prosecution introduced evidence at a retrial that the trial court had previously excluded. *Rodriguez*, 766 F.3d at 987. The *Rodriguez* court then affirmed the admission of gang evidence offered to establish motive, emphasizing both its connection to the charged murder offense and the district court's efforts to cabin its prejudicial effect. *Id.* at 987–88; *Takahashi*, 205 F.3d at 1165 (affirming use of gang affiliation to show bias where district court was "sensitive to the potential for undue prejudice and sought to minimize it" by limiting evidence and offering a limiting instruction).

In sum, the pertinent question is not whether gang-affiliation evidence is prejudicial — obviously it can be — but whether here it is relevant to a legitimate, non-propensity purpose based on the charges and whether that probative value is substantially outweighed by a danger of unfair prejudice. *See Takahashi*, 205 F.3d at 1165.

Applying those principles here, the Court concludes that some, but not all of Detective Kilroy's proposed testimony is admissible. The Government has sufficiently articulated and established foundation for why gang-affiliation evidence is probative of motive, namely that the charged conduct arose from an effort to retaliate for the killing of a close associate in the same gang, and that there were gang-related pressures to retaliate as such. Many communications in the record, the alleged conduct of the parties, and indeed some of the most basic facts of this case can only be understood against that backdrop. For example, it provides relevant background context concerning the relationships among alleged coconspirators and certain terminology used.

The defense argues that relevancy as to motive is implausible because the charged shooting was not directed at an alleged rival gang member or even anyone from Chicago.

(Motion at 3). But retaliation against a rival gang is not the only circumstance in which gang affiliation may supply a motive for violence. *See, e.g.*, *Santiago*, 46 F.3d at 889–90 (affirming admission of gang affiliation to explain the murder of a stranger undertaken to obtain gang acceptance); *Rodriguez*, 766 F.3d at 986–88 (approving use of gang evidence to explain attack prompted by perceived disrespect). And while the Court agrees that the severance of the VICAR-related charges narrows the permissible scope of gang evidence, the Government's motive theory remains coherent and relevant to the charges proceeding to trial.

Further, while the defense objects to the recency of the Government's introduction of gang-affiliation evidence in this case, the Court notes that the Government previously noticed FBI Special Agent Callaghan to provide substantially the same opinion testimony as Detective Kilroy in September 2025. (*See* Callaghan Disclosure (Docket No. 598)). In light of the prior notice and the more detailed Kilroy Disclosure, Banks has not demonstrated a Rule 16 deficiency and certainly not one warranting exclusion.

Detective Kilroy may therefore testify on the following topics:

- The meaning of relevant gang terminology appearing in evidence at trial (Kilroy Disclosure at 3 (point 1) & 5 (points 1–5));
- the practice or expectation of retaliation for a fallen gang associate (*id.* at 3 (point 1));
- such limited background concerning the Black Disciples as is necessary to place those matters in context (*id.* at 3, 5); and
- the limitations in recovering phone records when investigating gang-related crimes. (*Id.* at 4–5).

To the extent Banks requests a *Daubert* hearing to qualify Detective Kilroy for this limited testimony, that request is denied. Detective Kilroy's testimony is based on his specialized "background, training, and experience investigating gang related crimes in the Southside of Chicago." (*Id.* at 6; *see also id.* at 2–3). That experience provides a reliable basis for his proposed testimony, *United States v. Holguin*, 51 F.4th 841, 854, 856 (9th Cir. 2022) ("Law enforcement professionals are routinely qualified to offer expert testimony based on their training and experience."), which would be helpful to the jury. *See, e.g.*, *United States v. Vera*, 770 F.3d 1232, 1241 (9th Cir. 2014) (noting that interpreting "[d]rug jargon is well established as an appropriate subject for expert testimony").

Accordingly, the Court **FINDS** that Detective Kilroy is qualified to testify reliably based on his background, training, and experience.

The remainder of Detective Kilroy's proposed testimony is excluded. He may not offer the opinions identified in the second through seventh points listed on pages 3 and 4 of the Kilroy Disclosure. He may not offer general testimony about the Gangster Disciples or about gang rivalries unrelated to the charged conduct because a gang rivalry is not the basis for the Government's motive theory. And while Detective Kilroy may testify to facts from which the Government may argue that Defendants are or were members of a particular gang, he should not offer his own opinion as to their particular membership. Such an opinion would raise Confrontation Clause issues. Finally, Detective Kilroy may not offer testimony that he once personally arrested Banks, because the Government represented at the hearing that it does not intend to elicit any factual testimony on that subject.

In addition to narrowing Detective Kilroy's testimony and having already excluded gang-related evidence whose connection to the relevant charges is too attenuated, the Court will take further steps to ensure that gang affiliation does not become "the entire theme of the trial." *Santiago*, 46 F.3d at 889 (distinguishing case where gang affiliation improperly became "the entire theme of the trial" thus creating a risk of guilt by association). The Court will address potential prejudice concerning gang affiliation during voir dire and has included relevant questions on its proposed jury questionnaire. *See Rodriguez*, 766 F.3d at 987 (emphasizing that the district court examined prospective jurors on the subject). The Court will also give a limiting instruction, based on the parties' proposals, explaining the permissible use of gang-related evidence and prohibiting propensity reasoning. *See Takahashi*, 205 F.3d at 1165 (affirming admission where district court recognized prejudice, limited evidence, and offered limiting instruction).

As another example, the Government will not be permitted to say, "This is a gang-related murder case."

Finally, the Court understands from Defendants' representations that Dr. Lance Williams is intended to serve as the defense's rebuttal expert to Detective Kilroy. Consistent with those representations, Dr. Williams's testimony shall be limited to rebutting the opinions that Detective Kilroy is permitted to offer under this Order. The Government is not permitted to use the defense's rebuttal testimony as a basis to introduce portions of Detective Kilroy's proposed testimony that the Court has excluded.

Accordingly, the Banks Expert Motion is **GRANTED *in part*** and **DENIED *in part*** as set forth above.

### B. Banks Application

In the Banks Application, Banks raises related gang-evidence concerns regarding the anticipated testimony from PW-1 based on PW-1's FBI interview report from July 9, 2026. (*See generally* Banks Application). Banks argues that the report indicates the Government's intent to elicit a variety of testimony concerning the co-conspirators' gang affiliations. (*Id.* at 4 (listing topics)).

The principles and limitations discussed above will govern the admission of gang-related evidence at trial, including evidence elicited from fact witnesses. But the Court does not identify anything in the July 9th report that warrants a more specific pretrial ruling in the absence of particular questions or testimony to evaluate. Moreover, the Government represents that it does "not intend to [elicit] all information regarding gangs contained" in the July 9th report. (*Id.* at 3).

Accordingly, the Banks Application is **DENIED *without prejudice*** to an appropriate objection at trial.

## III. CONCLUSION

The Banks Expert Motion is **GRANTED *in part*** and **DENIED *in part*** as set forth above.

The Banks Application is **DENIED *without prejudice*** to an appropriate objection at trial.

IT IS SO ORDERED.