FILED
CLERK, U.S. DISTRICT COURT
9/08/26
CENTRAL DISTRICT OF CALIFORNIA
BY: RSanchez DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DURK BANKS,
DEANDRE DONTRELL WILSON, and
DAVID BRIAN LINDSEY,

Defendants.

No. CR 24-621-MWF

**JURY INSTRUCTIONS**

///
///
///
///
///
///
///
///
///
///
///

COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions for each of you will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return -- that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2

The indictment is not evidence. Each defendant has pleaded not guilty to the charges. Each defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that any defendant did not testify.

COURT'S INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

COURT'S INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence, and the facts to which the parties have agreed.

The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of the facts controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION NO. 9

You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

COURT'S INSTRUCTION NO. 10

A separate crime is charged against each of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

COURT'S INSTRUCTION NO. 11

You have heard testimony that defendant Durk Banks made a short statement to law enforcement on the night of his arrest. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO. 12

You have heard evidence that one or more of the defendants may have committed other crimes, wrongs, or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of a defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crimes for which the defendants are now on trial.

COURT'S INSTRUCTION NO. 13

You have heard testimony from witnesses who pleaded guilty to a crime arising out of the same events for which the defendants are on trial. These witnesses are Kacey Hester (a/k/a "OTF Jam"), Keith Jones (a/k/a "Flacka"), and Kavon Grant (a/k/a "Cuz", a/k/a "Vonnie"). Their guilty pleas are not evidence against the defendants, and you may consider their guilty pleas only in determining the believability of those three cooperating witnesses.

You have also heard testimony that those three cooperating witnesses received benefits from the government in connection with this case.

For these reasons, in evaluating the testimony of those three cooperating witnesses, you should consider the extent to which or whether their testimony may have been influenced by these factors. In addition, you should examine the testimony of those three cooperating witnesses with greater caution than that of other witnesses.

COURT'S INSTRUCTION NO. 14

You have heard testimony from ATF Firearms Enforcement Officer Jeffrey Bodell and Timothy Devries, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. 15

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

COURT'S INSTRUCTION NO. 16

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

COURT'S INSTRUCTION NO. 17

The indictment charges that the offenses alleged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

COURT'S INSTRUCTION NO. 18

The defendants are charged in Count One of the indictment with conspiring to commit stalking of Tyquian Bowman (a/k/a "Quando Rondo") in violation of Section 371 of Title 18 of the United States Code. For each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown, but no later than on or around November 6, 2020, and continuing to at least in or around August 2023, there was an agreement between two or more persons to commit the crime of stalking Tyquian Bowman (a/k/a "Quando Rondo"), in violation of Sections 2261A(2)(A), (B) of Title 18 of the United States Code;

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of stalking as alleged in Count One of the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that a defendant personally did one of the overt acts. You do not need to unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy.

COURT'S INSTRUCTION NO. 19

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

COURT'S INSTRUCTION NO. 20

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that a defendant committed the crimes charged. A defendant must be a participant and not merely a knowing spectator. A defendant's presence may be considered by the jury along with other evidence in the case.

COURT'S INSTRUCTION NO. 21

The defendants are charged in Count Two of the indictment with stalking Tyquian Bowman (a/k/a "Quando Rondo"), in violation of Sections 2261A(2)(A), (B) of Title 18 of the United States Code. For each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant possessed the intent to kill, injure, harass, or intimidate Tyquian Bowman (a/k/a "Quando Rondo");

***or***

First, the defendant placed under surveillance with intent to kill, injure, harass, or intimidate Tyquian Bowman (a/k/a "Quando Rondo");

Second, the defendant pursued that intention through a course of conduct that made use of any facility of interstate or foreign commerce; and

Third, the defendant's course of conduct placed Tyquian Bowman (a/k/a "Quando Rondo") in reasonable fear of death or serious bodily injury;

***or***

Third, the defendant's course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to Tyquian Bowman (a/k/a "Quando Rondo").

A car, a cell phone, an airplane, and the internet are each facilities of interstate commerce or foreign commerce.

A "course of conduct" is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. You are not required to agree unanimously on which two or more acts constitute the course of conduct. Not all acts that constitute part of a course of conduct must involve the use of a facility of interstate or foreign commerce.

To satisfy the reasonable-fear alternative, the government must prove that the alleged course of conduct placed Tyquian Bowman (a/k/a "Quando Rondo") in fear of death or serious bodily injury. The fear must have been reasonable under the circumstances known to Tyquian Bowman (a/k/a "Quando Rondo") at the time.

"Substantial emotional distress" means serious and significant mental distress, mental suffering, or mental anguish. It is more than mere annoyance or transient distress.

When considering whether the intended course of conduct "would be reasonably expected to cause" substantial emotional distress to Tyquian Bowman (a/k/a "Quando Rondo"), you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as the victim would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

While the government must prove that Tyquian Bowman (a/k/a "Quando Rondo") was in fear of death or serious bodily injury to satisfy the reasonable-fear alternative, the substantial-emotional-distress alternative does not require proving subjective awareness on the part of the victim.

COURT'S INSTRUCTION NO. 22

If you find a defendant guilty of stalking Tyquian Bowman (a/k/a "Quando Rondo") as charged in Count Two of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that a dangerous weapon was used during the offense.

COURT'S INSTRUCTION NO. 23

A defendant may be found guilty of stalking Tyquian Bowman (a/k/a "Quando Rondo"), as alleged in Count Two, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of stalking Tyquian Bowman (a/k/a "Quando Rondo"), as alleged in Count Two, by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of stalking Tyquian Bowman (a/k/a "Quando Rondo") as alleged in Count Two;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with "the intent to facilitate the crime" when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime. The advance knowledge required is knowledge of the specific crime charged in the count you are considering – for Count Two, the stalking of Tyquian Bowman (a/k/a "Quando Rondo"). Advance knowledge of some other crime, or of conduct directed at some other person, is not sufficient.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

COURT'S INSTRUCTION NO. 24

A defendant may be found guilty of the crime charged even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

COURT'S INSTRUCTION NO. 25

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of stalking Tyquian Bowman (a/k/a "Quando Rondo"), as alleged in Count Two, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count Two of the indictment committed the crime of stalking Tyquian Bowman (a/k/a "Quando Rondo");

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime alleged in Count Two in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

COURT'S INSTRUCTION NO. 26

The defendants are charged in Count Three of the indictment with stalking Saviay'a Robinson, in violation of Sections 2261A(2)(A), (B) of Title 18 of the United States Code. For each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant possessed the intent to kill, injure, harass, or intimidate Saviay'a Robinson;

***or***

First, the defendant placed under surveillance with intent to kill, injure, harass, or intimidate Saviay'a Robinson;

Second, the defendant pursued that intention through a course of conduct that made use of any facility of interstate or foreign commerce; and

Third, the defendant's course of conduct placed Saviay'a Robinson in reasonable fear of death or serious bodily injury;

***or***

Third, the defendant's course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to Saviay'a Robinson.

The government must prove the required intent as to a particular person (for this Count, Saviay'a Robinson). However, the government is not required to prove that the defendant knew the name

or specific identity of that particular person.

A car, a cell phone, an airplane, and the internet are each facilities of interstate commerce or foreign commerce.

A “course of conduct” is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. You are not required to agree unanimously on which two or more acts constitute the course of conduct. Not all acts that constitute part of a course of conduct must involve the use of a facility of interstate or foreign commerce.

To satisfy the reasonable-fear alternative, the government must prove that the alleged course of conduct placed Saviay’a Robinson in fear of death or serious bodily injury. The fear must have been reasonable under the circumstances known to Saviay’a Robinson at the time.

“Substantial emotional distress” means serious and significant mental distress, mental suffering, or mental anguish. It is more than mere annoyance or transient distress.

When considering whether the intended course of conduct “would be reasonably expected to cause” substantial emotional distress to Saviay’a Robinson, you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as the victim would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

While the government must prove that Saviay’a Robinson was in fear of death or serious bodily injury to satisfy the reasonable-fear alternative, the substantial-emotional-distress alternative

does not require proving subjective awareness on the part of the victim.

COURT'S INSTRUCTION NO. 27

If you find a defendant guilty of stalking Saviay'a Robinson as charged in Count Three of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the death of Saviay'a Robinson resulted from the offense.

Whether the death of Saviay'a Robinson "resulted from" the stalking charged in Count Three means both of the following:

First, that the stalking was the cause in fact of Saviay'a Robinson's death. To prove that the stalking was the cause in fact of Saviay'a Robinson's death, the government must prove that but for the stalking as charged in Count Three, Saviay'a Robinson would not have died.

Second, that Saviay'a Robinson's death was a reasonably foreseeable consequence of the stalking. To prove that Saviay'a Robinson's death was a reasonably foreseeable consequence of the stalking, the government must prove that Saviay'a Robinson's death could reasonably have been foreseen to be a necessary or natural consequence of the stalking.

COURT'S INSTRUCTION NO. 28

A defendant may be found guilty of stalking Saviay'a Robinson, as alleged in Count Three, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of stalking Saviay'a Robinson, as alleged in Count Three, by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of stalking Saviay'a Robinson as alleged in Count Three;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime. The advance knowledge required is knowledge of the specific crime charged in the count you are considering -- for Count Three, the stalking of Saviay'a Robinson. Advance knowledge of some other crime, or of conduct directed at some other person, is not sufficient.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

COURT'S INSTRUCTION NO. 29

A defendant may be found guilty of the crime charged even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

COURT'S INSTRUCTION NO. 30

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of stalking Saviay'a Robinson, as alleged in Count Three, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count Three of the indictment committed the crime of stalking Saviay'a Robinson;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime alleged in Count Three in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count Three was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

COURT'S INSTRUCTION NO. 31

The defendants are charged in Count Four of the indictment with conspiring to use interstate commerce facilities in the commission of a murder-for-hire in violation of Section 1958(a) of Title 18 of the United States Code. For each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conspired to use any facility of interstate or foreign commerce;

Second, the defendant did so with the intent that murder be committed; and

Third, the defendant intended that the murder be committed in exchange for anything of pecuniary value, namely money or other economic benefits.

A "facility in interstate or foreign commerce" includes means of transportation and communication. A car, a cell phone, an airplane, and the internet are each facilities of interstate commerce or foreign commerce.

As to the third element, the term "pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage. Money to cover incidental expenses rather than as compensation for carrying out the murder-for-hire does not meet the statute's "pecuniary value" requirement.

A benefit that a person merely hoped or expected to receive, without a promise or agreement to exchange that benefit for the murder, is not sufficient.

COURT'S INSTRUCTION NO. 32

If you find the defendant guilty of conspiring to use interstate commerce facilities in the commission of a murder-for-hire as charged in Count Four of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that Saviay'a Robinson died as a result of the offense.

Whether Saviay'a Robinson "died as a result of" the conspiracy charged in Count Four means both of the following:

First, that the conspiracy was the cause in fact of Saviay'a Robinson's death. To prove that the conspiracy was the cause in fact of Saviay'a Robinson's death, the government must prove that but for the conspiracy as charged in Count Four, Saviay'a Robinson would not have died.

Second, that Saviay'a Robinson's death was a reasonably foreseeable consequence of the conspiracy. To prove that Saviay'a Robinson's death was a reasonably foreseeable consequence of the conspiracy, the government must prove that Saviay'a Robinson's death could reasonably have been foreseen to be a necessary or natural consequence of the conspiracy.

COURT'S INSTRUCTION NO. 33

The defendants are charged in Count Five of the indictment with using interstate commerce facilities in the commission of a murder-for-hire in violation of Section 1958(a) of Title 18 of the United States Code. For each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant used any facility of interstate or foreign commerce;

Second, the defendant did so with the intent that murder be committed; and

Third, the defendant intended that the murder be committed in exchange for anything of pecuniary value, namely money or other economic benefits.

A "facility in interstate or foreign commerce" includes means of transportation and communication. A car, a cell phone, an airplane, and the internet are each facilities of interstate commerce or foreign commerce.

As to the third element, the term "pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage. Money to cover incidental expenses rather than as compensation for carrying out the murder-for-hire does not meet the statute's "pecuniary value" requirement.

A benefit that a person merely hoped or expected to receive, without a promise or agreement to exchange that benefit for the murder, is not sufficient.

COURT'S INSTRUCTION NO. 34

If you find a defendant guilty of using interstate commerce facilities in the commission of a murder-for-hire as charged in Count Five of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that Saviay'a Robinson died as a result of the offense.

Whether Saviay'a Robinson "died as a result of" the murder-for-hire charged in Count Five means both of the following:

First, that the murder-for-hire was the cause in fact of Saviay'a Robinson's death. To prove that the murder-for-hire was the cause in fact of Saviay'a Robinson's death, the government must prove that but for the murder-for-hire as charged in Count Five, Saviay'a Robinson would not have died.

Second, that Saviay'a Robinson's death was a reasonably foreseeable consequence of the murder-for-hire. To prove that Saviay'a Robinson's death was a reasonably foreseeable consequence of the murder-for-hire, the government must prove that Saviay'a Robinson's death could reasonably have been foreseen to be a necessary or natural consequence of the murder-for-hire.

COURT'S INSTRUCTION NO. 35

A defendant may be found guilty of using interstate commerce facilities in the commission of a murder-for-hire resulting in death, as alleged in Count Five, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its or their commission.

To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of the crime as alleged in Count Five, by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of using interstate commerce facilities in the commission of a murder-for-hire resulting in death;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that

the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime. The advance knowledge required is knowledge of the specific crime charged in the count you are considering -- for Count Five, using interstate commerce facilities in the commission of a murder-for-hire resulting in death. Advance knowledge of some other crime, or of conduct directed at some other person, is not sufficient.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

COURT'S INSTRUCTION NO. 36

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of using interstate commerce facilities in the commission of a murder-for-hire resulting in death, as alleged in Count Five, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count Five of the indictment committed the crime of using interstate commerce facilities in the commission of a murder-for-hire resulting in death;

Second, the person was a member of the conspiracy charged in Count Four of the indictment;

Third, the person committed the crime alleged in Count Five in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count Five was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a

necessary or natural consequence of the unlawful agreement.

COURT'S INSTRUCTION NO. 37

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with another defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

COURT'S INSTRUCTION NO. 38

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

COURT'S INSTRUCTION NO. 39

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify me.

COURT’S INSTRUCTION NO. 40

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against a defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 41

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NO. 42

A verdict form for each defendant has been prepared for you. After you have reached unanimous agreement on all the verdicts, your foreperson should complete the verdict forms according to your deliberations, sign (with the foreperson's juror number) and date them, and advise the clerk through the court security officer that you are ready to return to the courtroom.

COURT'S INSTRUCTION NO. 43

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. Please sign the note with your juror number, not your name. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.

If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of each defendant, until after you have reached a unanimous verdict or have been discharged.