BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(D)-MWF<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 10/05/2026<br>**PROPOSED TRIAL DATE:** 08/30/2027 |

Plaintiff United States of America, and defendant DURK BANKS ("defendant BANKS"), by and through his counsel of record; DEANDRE DONTRELL WILSON ("defendant WILSON"), by and through his counsel of record; defendant DAVID BRIAN LINDSEY ("defendant LINDSEY"), by and through his counsel of record; and defendant ASA HOUSTON ("defendant HOUSTON"), by and through his counsel of record, hereby stipulate as follows:

1. The First Superseding Indictment in this case was filed on November 7, 2024. Defendant BANKS first appeared before a judicial officer of the court in which the charges in this case were pending on November 14, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 23, 2025. Defendant WILSON first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 24, 2025. Defendant HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025. Defendant LINDSEY first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 31, 2025. Defendant HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025.

2. On November 14, 2024, for defendant BANKS, the Court set a trial date of January 7, 2025. On November 15, 2024, for defendant WILSON, the Court set a trial date of January 7, 2025. On November 21, 2024, for defendant HOUSTON, the Court set a trial date of January 14, 2025. On November 22, 2024, for defendant LINDSEY, the Court set a trial date of January 14, 2025.

3. On January 2, 2025, the Court continued the trial date to October 14, 2025 for all defendants and made relevant excludable time findings under the Speedy Trial Act.

4. The Second Superseding Indictment was filed as to all defendants on May 1, 2025. On September 17, 2025, the Court continued the trial date to January 20, 2026, and made relevant excludable time findings under the Speedy Trial Act. On January 13, 2026, the Court continued the trial date to April 21, 2026, and made relevant excludable time findings under the Speedy Trial Act. On March 23, 2026, the Court continued the trial date to August 20, 2026, and made relevant excludable time findings under the Speedy Trial Act.

5. The Third Superseding Indictment was filed as to defendants BANKS, WILSON, LINDSEY, and HOUSTON on June 3, 2026. On July 1, 2026, at defendant HOUSTON's request, the Court continued defendant HOUSTON's trial date and severed defendant HOUSTON for purposes of the August 20, 2026 trial date set for defendants BANKS, WILSON, and LINDSEY.

6. The Fourth Superseding Indictment was filed as to as to defendants BANKS, WILSON, LINDSEY, and HOUSTON on July 31, 2026. Based on defendants' BANKS', WILSON's, and LINDSEY's request to sever Count One (VICAR murder) and Count Six (a violation of 18 U.S.C. § 924(c)) from Counts Two through Five (charging conspiracy to stalk, stalking using a dangerous weapon and stalking resulting in death, and murder for hire resulting and death and conspiracy to commit murder for hire resulting in death), the Court granted the request and defendants BANKS, WILSON, and LINDSEY proceeded to trial on August 20, 2026 on Counts Two through Five of the Fourth Superseding

Indictment. On September 11, 2026, defendants WILSON and LINDSEY were convicted by a jury of three of those counts, including stalking resulting in death of S.R. Defendant BANKS was found not guilty by the jury of the five counts at issue in the trial.

7. Defendants BANKS, WILSON, and LINDSEY are currently set for trial on Counts One and Six of the Fourth Superseding Indictment on October 5, 2026.[1] Defendant ASA HOUSTON is currently pending trial on all counts in the Fourth Superseding Indictment, including conspiracy to commit stalking, stalking resulting in death, and VICAR murder.

8. All defendants are detained pending trial. The government estimates that its case-in-chief will last approximately three weeks. Defendants BANKS, WILSON, LINDSEY, and HOUSTON are joined for trial and a severance has not been granted.[2]

9. By this stipulation, defendants move to continue the trial date to August 30, 2027.

10. The defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendants BANKS, WILSON, LINDSEY, and HOUSTON are all charged with violations of 18 U.S.C. § 1959(a)(1): VICAR Murder and 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii): Use, Carry, and Discharge of Firearms and Machinegun, and Possession of Such

---

[1] The Court set the trial date after a colloquy with the parties on September 11, 2026.

[2] Defendants BANKS, WILSON, and LINDSEY object to being jointly tried with defendant HOUSTON on counts for which defendants were acquitted based upon collateral estoppel/issue preclusion under the Double Jeopardy clause. The parties agree that nothing in this stipulation prevents defendants from seeking a trial severance.

Firearms, in Furtherance of a Crime of Violence. Defendant HOUSTON is charged with additional violations of 18 U.S.C. § 371: Conspiracy to Commit Stalking; 18 U.S.C. §§ 2261A(2)(A),(B), 2261(b)(1), (3): Stalking Using a Dangerous Weapon and Stalking Resulting in Death; 18 U.S.C. 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death. Discovery in this case includes, among other things, hundreds of gigabytes of digital evidence such as audio/video recordings, surveillance footage, and extractions of digital devices; and over 30,000 pages of records and reports concerning murder and other violent acts, photographs, witness statements, and medical documents.

b. Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

c. Defense counsel represent that they have various substantive obligations which necessitate the continuance of the trial to August 30, 2027. The list of obligations for defense counsel is attached hereto as Appendix A and is incorporated as if fully set forth herein.

d. In light of the foregoing, counsel for the defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a

pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. The defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

11. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period from the date the Court granted defendants' request to sever the VICAR counts on July 14, 2026 to August 30, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial

proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 28, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Applicant
UNITED STATES OF AMERICA

I am DURK BANKS' attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 30, 2027 is an informed and voluntary one.

*/s/ via e-mail authorization* 9/28/2026

DREW FINDLING
MARISSA GOLDBERG
BRIAN STEEL
CHRISTY O'CONNOR
Attorney for Defendant
DURK BANKS

Date

I am DEANDRE DONTRELL WILSON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 30, 2027 is an informed and voluntary one.

*/s/ via e-mail authorization* 9/28/2026

CRAIG HARBAUGH
Attorney for Defendant
DEANDRE DONTRELL WILSON

Date

I am DAVID BRIAN LINDSEY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 30, 2027 is an informed and voluntary one.

*/s/ via e-mail authorization* 9/28/2026

ROBERT A. JONES
TILLET J. MILLS
Attorney for Defendant
DAVID BRIAN LINDSEY

Date

I am ASA HOUSTON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 30, 2027 is an informed and voluntary one.

*/s/ via e-mail authorization* 9/28/2026

ANTHONY SOLIS
AMY FAN
Attorney for Defendant
ASA HOUSTON

Date

## Appendix A

As of the date of this filing, defense counsel have submitted the following conflicts:

**Counsel for Defendant Banks:**

1. State of Florida vs. Jamell Demons, Case No. 19001872CF10A in the 17th Judicial Circuit in Broward County begins on January 6, 2027 (Drew Findling)

2. Titania Davenport, et al. v. 810 Houston LLC, et al., Case No. 202335116 in Harris County District Court begins on May 4, 2027 (Drew Findling)

3. United States v. Toriano Knox, 25-cr-462-CV, Mail fraud, Attempt to Kill a Witness, Discharge of a Firearm in Furtherance of a Crime of Violence, trial date June 15, 2027, estimated two-week trial (Christy O'Connor).

**Counsel for Defendant Lindsey:**

1. State of Texas vs Isiaya Lewis, Aggravated Assault, No. 22-023-394, trial on 10/15/26
2. State of Texas vs. Jalen Melvin, Evading Arrest, No. 106331-CR, trial on 10/19/26
3. United States v. Jerry Ervin, Possession with Intent to Distribute, 4:24-00634, trial on 10/26/26
4. United States v. Jose Ortiz, Firearm Trafficking, 4:26-CR-00102, trial on 12/21/2026
5. State of Texas vs. Shawn Randle, Aggravated Kidnapping, 1909793, trial on 1/25/2026
6. United States v. Kendra Blake, Wire Fraud, 4:25-Cr-504, trial on 1/26/2026

**Counsel for Defendant Houston:**

1. United States v. Eric Terry Story, case no. 2:24-cr-00039-JLS, 5 day possession with intent to distribute methamphetamine and carrying a firearm in furtherance, set for September 12/3/2026 (Anthony Solis)

2. United States v. Arredondo, et al. (Jorge Eliecer Luque Monsalve) Case No. 2:24-cr-00203-MCS, two week drug importation and weapons case set for 1/19/2027 (Anthony Solis)

3. United States v. Alcaraz, et al. (Ricardo Manjarrez); 2:25-cr-00497-SPG, five day drug distribution conspiracy, set for 1/26/2027 (Anthony Solis)

4. United States v. Amiryan, et al. (Vahan Harutyuyan); Case No. 2:25-cr-00433-SPG-2, 7 day conspiracy to commit kidnaping and kidnaping case set for 2/16/2027 (Anthony Solis)

5. United States v. Lankford, et al. Case No. 8:24-cr-00077-WLH, two week Hobbs Act extortion and abuse of rights trial, set for 2/15/2027 (Anthony Solis)

6. United States v. Valdivia, et al., (Jorge Arturo Marquez Chavez), 2:26-cr-00385-FLA-2, one week drug distribution and immigration case set for 3/15/2027 (Anthony Solis)

7. United States v. Quher, Case No. 5:23-cr-000270-JGB, three day bank fraud case, set for 3/16/2027 (Anthony Solis)

8. US v. Grijalva et al., 2:23-cr-454-AB - jury trial set for October 27 2026 (Amy Fan)

9. US v. Haviland, et al., 2:24-cr-570-WLH - jury trial set for April 13, 2027. Conspiracy to distribute controlled substances (Amy Fan)

10. US. v. Daisy Pollard-Gilliam, 2:24-cr-392-MRA, jury trial set for July 13, 2027 conspiracy to engage in sex trafficking of a minor, production and distribution of child pornography, felon in possession of a firearm (Amy Fan)