TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS,<br><br>Defendant. | No. CR 24-621(D)-MWF-2<br><br><u>GOVERNMENT'S SUPPLEMENT IN OPPOSITION TO DEFENDANT WILSON'S BRADY MOTION; EXHIBITS 2-3</u> |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its Supplement in Opposition to Defendant Wilson's <u>Brady</u> Motion.

//

//

This filing is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 10, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

*/s/*

IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 4, 2026, during a sidebar conversation regarding defendant Deandre Wilson's Brady motion, the government advised the Court that based on public reporting, an attorney (hereinafter referred to as "Reporting Party 1") "or someone [the attorney] knows sent Mr. Harbaugh an email" regarding the publicly-available video showing the version of Exhibit 164 with running comments. (RT 9/4/26 at 86-87.) Defense counsel for Mr. Wilson interjected and stated to the Court: "That is absolutely false. I never received that." (Id. at 87:16-18.) The Court accepted defense counsel's representation.[1] (Id. at 87:19-20.)

On the morning of November 4, 2026, the government sent defense counsel an email explaining that it uncovered a second public source reporting that an individual sent defense counsel an email on August 20, 2026 regarding the running comments related to Exhibit 164. (**Ex. 2**.) Specifically, the government identified for defense counsel a user's comment on a public YouTube video about defendant Wilson's Brady motion, which stated: "I'm the person [herein after referred to as "Reporting Party 2"] who sent that discrepancy to the lawyer in an email on the 20th of August." (Id.)

---

[1] Additionally, on September 3, 2026, defense counsel filed the pending motion. (Dkt. 634.) In support of the motion, counsel provided a declaration stating, "Prior to trial, I had reason to question the government's characterization of Government Exhibit 164 as showing Mr. Wilson referring to himself as a 'murder man.' I did not have any independent, non-privileged basis to substantiate an alternative reading." (Defense Counsel Declaration at ¶ 5.) As set forth below, Exhibit 3 shows that --- by the time these statements were made to the Court --- defense counsel had received a detailed email describing the publicly available Instagram live commentary at issue.

Given that two separate sources reported that defense counsel had received an email on August 20 informing counsel about the public availability of the Instagram live video at issue, the government raised the issue with defense counsel again and asked defense counsel to provide any non-privileged emails counsel had received related to Exhibit 164. (Id.) Defense counsel responded: "When this first came up, I searched my email for messages from the person who claims to have sent it and found nothing. The first email I reviewed directing me to the YouTube video was [AUSA Morse's] email of August 26, 2026. I don't intend to run another search based on comments posted on YouTube." (Id.)

Then, on November 10, 2026, the FBI interviewed Reporting Party 2, who provided the FBI with a digital copy of an email Reporting Party 2 sent to defense counsel on August 20, 2026 --- days prior to the introduction of Exhibit 164 into evidence on August 24, 2026. (**Ex. 3** (email from FBI Special Agent documenting the FBI's interview with Reporting Party 2 and forwarding Reporting Party 2's August 20, 2026 email to defense counsel for defendant Wilson).)

Among other things, the August 20 email shows that Reporting Party 2 informed defense counsel: "I personally went back and watched this Live approximately five times," and that the running comments related to Exhibit 164 "provide[] a reasonable alternative interpretation that the commenter was discussing two different individuals, with Dede's "for sure" simply affirming his association with the other person [Murdaman]." (Id.) Reporting Party 2 also explicitly referenced Exhibit 164 and provided a transcript of what

Reporting Party 2 believed defendant Wilson stated on the Instagram Live post. (Id.)

In addition to the reasons set forth in the government's Opposition, defendant Wilson's motion should be denied because defense counsel had in his possession the material he claims was exculpatory. See United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991); United States v. Bond, 552 F.3d 1092, 1095-96 (9th Cir. 2009). Indeed, the information contained in the government's Opposition, supplemented by the above, makes clear that defendant Wilson had all the "salient facts regarding the existence of the [evidence] that he claims" was suppressed, Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006); that defense counsel had "equal access" to the publicly-available YouTube version of Exhibit 164, Jones v. Ryan, 733 F.3d 825, 838 (9th Cir. 2013); and that the evidence in question was "easily attainable evidence" on the internet, Cunningham v. Wong, 704 F.3d 1143, 1154 (9th Cir. 2013).

To the extent defense counsel does not withdraw the pending motion, the government respectfully requests that the Court enter an order denying it for the reasons stated above.

# EXHIBIT 2

**From:** Craig Harbaugh
**To:** Weiner, Daniel (USACAC)
**Cc:** Yanniello, Ian (USACAC); Morse, Michael (USACAC)
**Subject:** [EXTERNAL] Re: US v. Wilson
**Date:** Wednesday, November 4, 2026 12:25:06 PM
**Attachments:** image003.png
image.png

---

Hi Danny,

When this first came up, I searched my email for messages from the person who claims to have sent it and found nothing. The first email I reviewed directing me to the YouTube video was Michael's email of August 26, 2026. I don't intend to run another search based on comments posted on YouTube.

HARBAUGH LAW

Craig A. Harbaugh
Harbaugh Law, PC
360 E. 2nd Street, Suite 800 | Los Angeles, CA 90012
[redacted]

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at craig@harbaugh.law or by telephone at 213.986.8656 and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Weiner, Daniel (USACAC) <Daniel.Weiner@usdoj.gov>
**Sent:** Wednesday, November 4, 2026 11:05 AM
**To:** Craig Harbaugh <craig@harbaugh.law>
**Cc:** Yanniello, Ian (USACAC) <Ian.Yanniello@usdoj.gov>; Morse, Michael (USACAC) <Michael.Morse@usdoj.gov>
**Subject:** US v. Wilson

Hi Craig,

Please see the below comment on this YouTube video (https://www.youtube.com/watch?v=KUkU9Cfd4JY) related to a purported email you received on August 20 with information relating to the publicly available video depicting Mr. Wilson's Instagram live. We note this is the second public report that you received an email related to this issue pending before the Court. We are requesting that you provide any non-privileged email you have received related to Ex. 164. If you have since deleted any such email, please let us know. Thank you.

[redacted] Reporting Party 2

What crazy is I'm the person who sent that discrepancy to the lawyer in an email on the 20th of August. I gave him all the ammunition he needed to not let that video in. So the governments open source reporting analyst missed it Dede defense team missed it. Dede lawyer either didn't read the email or take it seriously. Now your scrambling and scraping in court. I hope you file the appropriate motions because that's a major error letting the jury hear that live. And also what other evidence that you let it because you don't know social media sir???

Reply

**Danny Weiner | Assistant United States Attorney**
Deputy Chief, Transnational Organized Crime Section
United States Attorney's Office | Central District of California
312 N. Spring St., Suite 1400 | Los Angeles, CA 90012
T: 213-894-0813 | daniel.weiner@usdoj.gov

# EXHIBIT 3

**From:** Jarron Farmby
**To:** Weiner, Daniel (USACAC); Morse, Michael (USACAC); Yanniello, Ian (USACAC)
**Cc:** Charkhabi, Abbas (LA) (FBI); Taylor, Madison (LA) (FBI); Burke, Cody D. (LA) (FBI)
**Subject:** Fw: [EXTERNAL EMAIL] - Fwd: Evidence 164 – September 24, 2022 Instagram Live / Misinterpretation of "Dede and Murdaman"
**Date:** Tuesday, November 10, 2026 1:43:34 PM

---

Team,

On Tuesday, November 10, 2026, Federal Bureau of Investigation ("FBI") Special Agent ("SA") Jarron Farmby and SA Madison Taylor interviewed Reporting Party 2 at [redacted]. After being advised the identities of the interviewers and nature of the interview, Reporting Party 2 provided the following information:

When asked about an e-mail delivered to Attorney Craig Harbaugh ("ATTORNEY HARBAUGH"), Reporting Party 2 allowed SA Farmby and SA Taylor to view his e-mail account from his cell phone device.

Reporting Party 2 sent an e-mail to ATTORNEY HARBAUGH at craig@harbaugh.law on August 20, 2026 titled, "Subject: Evidence 164 – September 24, 2022 Instagram Live / Misinterpretation of "Dede and Murdaman'." The e-mail is forwarded below.

The e-mail had an individual blind carbon copied.

Best regards,
Jarron Farmby
Special Agent
Federal Bureau of Investigation

---

**From:** Reporting Party 2 @gmail.com>
**Sent:** Tuesday, November 10, 2026 12:13:11 PM
**To:** Farmby, Jarron (LA) (FBI) <[redacted]@fbi.gov>
**Subject:** [EXTERNAL EMAIL] - Fwd: Evidence 164 – September 24, 2022 Instagram Live / Misinterpretation of "Dede and Murdaman"

You don't often get email from Reporting Party 2 @gmail.com. Learn why this is important

---------- Forwarded message ---------
From: Reporting Party 2 @gmail.com>
Date: Thu, Aug 20, 2026 at 10:07 AM
Subject: Evidence 164 – September 24, 2022 Instagram Live / Misinterpretation of "Dede and Murdaman"

To: <craig@harbaugh.law>

Counsel,

I wanted to send you one of my recent findings concerning Evidence 164, which I believe deserves another look.

Evidence 164 is identified in the court's evidentiary ruling as the:

“September 24, 2022, Instagram live video taken by Wilson.”

The court's ruling is specifically:

“Admit as to Wilson only with limiting instruction.”

I understand that distinction is important. My concern is not simply that the Instagram Live was admitted. My concern is what the government is attempting to establish through this particular portion of the Live and whether its interpretation is actually supported by what occurs in the video.

### What I observed

I personally went back and watched this Live approximately five times because I wanted to make absolutely sure I was hearing and interpreting the exchange correctly before bringing it to your attention.

During the Live, a viewer posts a comment that says:

“Dede and murdaman”

Dede responds:

“For sure.”

I believe the government may have this exchange wrong if it is being used to establish that Dede/Wilson is himself the person being referred to as “murdaman.”

### The comment appears to identify two people

The actual wording is significant:

“Dede AND murdaman.”

The commenter does not say:

“Dede is murdaman.”

The commenter does not simply write:

"murdaman."

Instead, the commenter expressly uses "and" between Dede and murdaman.

The ordinary reading of "Dede and murdaman" is that the commenter is referring to Dede and another person known as murdaman.

Dede then responds:

"For sure."

In the context of the actual exchange, I understand "for sure" as Dede affirming his relationship, association, or closeness with the person the commenter calls "murdaman."

In other words:

"Dede and murdaman" → "For sure."

can naturally be understood as:

"Yes, me and Murdaman — for sure."

That is materially different from:

"Yes, I am Murdaman."

### "For sure" does not establish identity

This is the part that concerns me most.

"For sure" is an affirmation, but what exactly is being affirmed matters.

Nothing in those words independently establishes that Dede is claiming the name "murdaman."

He does not say:

- "I'm murdaman."
- "That's me."
- "They call me murdaman."
- "I'm the murder man."

Instead, he is responding affirmatively to a comment that, on its face, appears to mention Dede and murdaman as separate people.

If the government is asking the jury to take Dede's "for sure" response and turn it into an admission that Dede/Wilson = murdaman, there is an additional inferential step being supplied by the government that Dede himself never actually makes in this exchange.

### Why I think this matters despite the limiting instruction

I recognize that the court did not generally admit Evidence 164 against everyone. The ruling expressly states:

“Admit as to Wilson only with limiting instruction.”

However, I believe there is an important difference between:

(1) admitting Wilson's Instagram Live as evidence against Wilson,

and

(2) allowing the government to characterize a particular statement within that Live as proof that Wilson/Dede is “murdaman.”

The limiting instruction addresses against whom the evidence may be considered.

It does not necessarily resolve what the evidence actually proves.

If the government's theory depends upon this exchange establishing that Dede/Wilson is “murdaman,” I believe the actual language deserves much closer scrutiny.

### My concern

After watching the Live approximately five times, I do not believe this particular exchange establishes that Dede is “murdaman.”

If anything, “Dede and murdaman” provides a reasonable alternative interpretation that the commenter was discussing two different individuals, with Dede's “for sure” simply affirming his association with the other person.

At minimum, I believe the exchange is ambiguous and should not be presented to the jury as though the government's interpretation is the only reasonable meaning.

If the government is relying on Evidence 164 for an identity inference, nickname/alias identification, association, conspiracy evidence, or to connect Wilson to other statements or conduct attributed to “murdaman,” I think this distinction could become particularly significant.

I wanted to get this finding to you because I believe the actual content of the video and the inference being drawn from it may be materially different.

I am continuing to review the court documents and underlying evidence closely and will send over anything else I identify.

Respectfully,

Reporting Party 2

[redacted]